## McCRILLIS *versus* HAWES.

A settlement made by one of two joint trespassers for *one-half* of the property taken, will not preclude the owner from maintaining an action against the other to recover the balance.

Where property was wrongfully taken by *partners* and sold, a subsequent settlement with the owner for one-half by one, will interpose no defence for the remaining value, in an action against the other.

Instructions requested upon a branch of the defence which is *controverted*, and which assume, that it is not so controverted, are properly rejected.

And *immaterial* instructions furnish no ground for disturbing a verdict.

ON EXCEPTIONS from *Nisi Prius*, APPLETON, J., presiding.

TROVER, for the conversion of " one hundred sticks of pine timber, to wit, thirty tons."

No question arose as to the title or conversion.

One Lewis was the partner of defendant at the time the cause of action accrued, and was the principal actor and jointly liable for the conversion. Lewis settled with plaintiff and paid $60, for his half of the damages claimed, and was thereupon released in full by plaintiff from all further liability to him on account of the cause of this action.

The plaintiff claimed sixty tons to have been cut.

The defendant's counsel requested the instruction, that Lewis having been fully discharged by paying for one-half of all the damages claimed, it operated as a discharge of the defendant; *that,* the plaintiff having proved a contract entered into with him by Lewis and the defendant for a settlement of the trespass, he could not recover in this form of action, but must resort to his action on the contract; *that* the payment by Lewis for one-half of the trespass

timber, passed to said Lewis an undivided half of the property in said timber, and gave to Lewis the right of possession of the whole timber; *that*, by said Lewis' settlement, one undivided half of the timber became partnership property and gave defendant the right of possession, and *that*, the plaintiff having declared but for thirty tons, he could recover, if any thing, only for one-half of thirty tons.

This request was denied, but the presiding Judge instructed the jury, *that* the settlement with and payment by Lewis, being but for one-half of the timber claimed, discharged only Lewis; *that*, though there was a contract entered into to settle, yet if it was not performed, it was not an extinguishment of the *tort*; *that*, though Lewis might have acquired a title to half of the timber cut, by his settlement after the conversion, it could not enure to the benefit of defendant, except so far as to relieve him from liability to the amount of one-half of the whole damage claimed, and so far it did, and that he was liable for half of the whole damages whatever they might be; and *that* the jury might consider, that the thirty tons declared for, was the plaintiff's half of the whole undivided quantity of lumber.

A verdict was returned for plaintiff, and defendant excepted to the instructions and refusals to instruct as requested.

*Brett*, in support of the exceptions.

*Rowe & Bartlett, contra.*

1. The money paid by Lewis was not paid in satisfaction of the *tort*, but as compensation *pro tanto* for the damages. No receipt was given for the *tort*, but simply a receipt for the money and not to sue Lewis. It can be no bar to a several action against the defendant. It can only be used by him as evidence of a partial satisfaction. *Snow* v. *Chandler*, 10 N. H. 92.

2. The instructions asked for were properly refused. The instructions given were unobjectionable save the last, and that was immaterial. That remark was called out by the last request of defendant's counsel, and was founded on a

misapprehension of the declaration. And as this has not misled the jury to the injury of defendant, it is immaterial and constitutes no ground for disturbing the verdict. *Howard* v. *Miner,* 20 Maine, 330; *French* v. *Stanley,* 21 Maine, 516; *Cummings* v. *Chandler,* 26 Maine, 453.

SHEPLEY, C. J. — The settlement made with Lewis, one of the joint trespassers, does not appear to have been for the whole trespass but to have been expressly limited to a compensation for one half of the property taken. He does not appear to have been released from the whole trespass, but only from further liability after payment of the one half. The case of *Gilpatrick* v. *Hunter,* 24 Maine, 18, was an action of trespass for an injury to the person, incapable of exact estimate or of division, and the settlement appeared to have been made with one of several joint trespassers for the whole trespass.

This is an action of trover to recover for the value of certain timber. The cases are very unlike, and the settlement for part of the property converted, will not prevent a recovery for the other part. *Benbridge* v. *Day,* 1 Salk. 218.

Another ground of defence presented appears to have been, that by paying for one half of the timber, Lewis and the defendant being partners, became owners of that half, and thereby tenants in common of the whole with the plaintiff, who cannot therefore maintain an action of trover against either of them.

The whole timber appears to have been sold, and to have passed from the possession of all the parties before any adjustment was made by Lewis with the plaintiff. The right of the plaintiff to maintain this action does not rest upon the demand for the timber made upon the defendant, but upon an appropriation of it to his own use by a sale of it before the action was commenced.

It was further contended, that the plaintiff could recover for one half only of thirty tons of timber.

The cause of action alleged in the declaration is not, as

the argument supposes, for the conversion of thirty tons of timber only. It is for "one hundred sticks of pine timber, to wit, thirty tons," which came into the possession of the defendant. The property claimed is the sticks of timber; the thirty tons is but an estimate of its quantity. The plaintiff might recover for the value of the one hundred sticks of pine timber, or for so many of them as he could prove that he owned, deducting the value of one half, for which he had already received compensation.

The request for instruction "that the plaintiff, having proved a contract entered into with him, by Lewis and the defendant, for a settlement of the trespass, he could not recover in this form of action, but must resort to his action on the contract," was properly refused. It assumed, that such a contract had been proved, and a compliance would have withdrawn from the consideration of the jury any testimony respecting it. The remarks made by the presiding Judge respecting such contract, appear to have been made from a reliance upon the statement made in the request and to have been immaterial, assuming its existence without any sufficient testimony.

The request for instructions "that the plaintiff having declared for but thirty tons, he could recover, if any thing, only for one half of thirty tons," was also properly refused.

This request appears to have been made, as well as the remarks of the presiding Judge respecting it, upon a misapprehension of the legal effect of the declaration. By a correction of that error the whole becomes immaterial.

*Exceptions overruled.*

TENNEY, HOWARD and HATHAWAY, J. J., concurred.