ROBERT M. MASTERTON, Respondent, v. THE VILLAGE OF
MOUNT VERNON, Appellant.

58   391
d 78 AD 559

Where the officers of a municipal corporation, in pursuance of a lawful authority, give permission to a lot owner to connect his lot with a sewer, such officers are required to exercise reasonable care to prevent injury, and for the omission thereof the corporation is liable; but in the absence of any want of proper care, upon the part of its officers, it is not responsible for the negligence of those employed by the lot owner to do the work.

*Wendell* v. *The Mayor of Troy* (4 Keyes, 261) distinguished.

In an action to recover damages for personal injuries by which plaintiff is prevented from transacting his accustomed business, where the business is of such a nature that the profits therein are uncertain, proof of his past profits is incompetent.

*Walker* v. *The E. R. R. Co.* (63 Barb., 260) questioned.

(Argued September 23, 1874; decided October 6, 1874.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, affirming a judgment in favor of plaintiff entered upon a verdict.

This action was brought to recover damages for injuries received by plaintiff by being thrown from his wagon in one of the streets of the village of Mount Vernon called Fourth avenue. The accident was occasioned by the wagon sinking into a ditch or excavation made by the owners of lots upon said street, with the consent of defendant's trustees, for the purpose of connecting their lots with a sewer in the street, and which excavation had been imperfectly filled. The further facts appear sufficiently in the opinion.

*Robert Cochran* for the appellant. The court erred in receiving evidence of plaintiff's past profits from his business. (*Ransom* v. *N. Y. and E. R. R. Co.*, 15 N. Y., 415; *Curtis* v. *R. and S. R. R. Co.*, 18 id., 534; *Hunt* v. *H. L. Co.*, 3 E. D. Smith, 144; *Crane* v. *Petre*, 6 Hill, 522; id., 292; *Krom* v. *Levy*, 48 N. Y., 679; *Blanchard* v. *Eli*, 2 Wend., 342; *Griffin* v. *Culver*, 16 N. Y., 489.) No evidence appearing that defendant's trustees had funds on hand

to repair the streets it was not liable. (*Garlinghouse* v. *Jacobs*, 29 N. Y., 297; *Hover* v. *Barkhoff*, 44 id., 116.) Defendant was not liable for the negligence of those who dug the trench, and the charge of the court to that effect was error. (*Dorlon* v. *City of B.*, 46 Barb., 604; *McCernus* v. *C. G. L. Co.*, 40 id., 380; *Terry* v. *Mayor, etc., of N. Y.*, 8 Bosw., 594; *Hart* v. *City of B.*, 36 Barb., 226; *Conrad* v. *Trustees, etc.*, 16 N. Y., 159; *McCarthy* v. *City of S.*, 46 id., 194; *Hover* v. *Barkhoff*, 44 id., 113; *Bk. of C.* v. *Mayor, etc.*, 43 id., 184; *Swift* v. *City of P.*, 37 id., 511.)

*Edward Wells* for the respondent. The evidence as to plaintiff's past profits was properly admitted. (*Lincoln* v. *S. and S. R. R. Co.*, 23 Wend., 425, 434; *McIntyre* v. *N. Y. C. R. R. Co.*, 37 N. Y., 287, 290; *Grant* v. *City of B.*, 41 Barb., 381, 384; *Walker* v. *E. R. Co.*, 63 id., 260, 265; *Wade* v. *Leroy*, 20 How. [U. S.], 34, 44; *N. City* v. *Campbell*, 2 Black, 590, 592.) Defendant is liable for the acts or omissions of its trustees. (*Conrad* v. *Village of I.*, 16 N. Y., 158; *Diveney* v. *City of E.*, 51 id., 506, 513; *Clark* v. *City of L.*, 49 Barb., 580; *Storrs* v. *City of U.*, 17 N. Y., 104–109; *Haskell* v. *Village of P. G.*, 5 Lans., 43, 51; *Morey* v. *City of Troy*, 61 Barb., 580, 595.) Defendant having authorized the trenches to be dug was answerable for the acts of those doing it. (*Hame* v. *City of N. Y.*, 47 N. Y., 639, 646; *Hover* v. *Barkhoff*, 44 id., 113, 125; *McCarthy* v. *City of S.*, 46 id., 194–198.) Want of funds to repair must be proved. (*Hines* v. *City of L.*, 60 Barb., 378, 379, 397; S. C., 5 Lans., 16; *Hayatt* v. *Rondout*, 44 Barb., 385.) If streets are not in good repair the corporation is responsible. (*Davenport* v. *Ruckman*, 37 N. Y., 568, 573; 10 Bosw., 20; 16 Abb., 341.) Defendant having given the permit it was its duty to send a competent person to oversee the work and it is liable for a defect therein. (*Wendell* v. *Mayor, etc.*, 4 Keyes, 261.)

Grover, J. The defendant, under its charter, had power to construct sewers in the streets. (Laws of 1868, vol. 2, 1907,

§ 1.)  It had the right to permit the owners of lots along the streets to connect drains with the sewers for the purpose of draining their lots. (*Barton* v. *The City of Syracuse*, 36 N. Y., 54; *Wendell* v. *Mayor of Troy*, 4 Keyes, 261.)  This power is also conferred upon the defendant by statute. (Laws of 1870, vol. 2, 1931, § 1 of title 8.)  The defendant, in the exercise of this right, granted permission to three several lot owners upon Fourth avenue in the village, in which a sewer had been constructed, to connect a drain therewith, who, under this permission and for this purpose, made excavations in the street which were claimed to have been negligently and improperly filled up, thereby producing the injury to the plaintiff.  The judge charged the jury, that the village having given such permission to make such connections, the act of the persons who dug that trench was the act of the village, and that they were as liable for any omission of duty upon the part of these three men who acted under their permits as if the village authorities had employed the men directly to do the work in question ; so that if the men who obtained the permits did or omitted to do anything which was prudent for them to do to make the road safe, the village of Mount Vernon did or omitted to do that thing, and the liability against it was made out.  To this the defendant excepted.  This was in no respect qualified by any other part of the charge.

The question by this exception is clearly presented, whether the defendant, in the exercise of a lawful right, by giving permission to the lot owners to make the connection, made itself responsible for the improper conduct of those employed by the owners to do the work in the absence of any want of proper care by any of its officers in keeping the streets in a safe condition for use by the public.  Upon what ground can such a liability be imposed ?  In giving the permission, the defendant only exercised a power conferred upon it by law.  The work was not in fact done by it or for its use, but wholly by the lot owners and for their own purposes.  The latter employed and paid the men for doing the work, and the relation of master and servant between them and the ·

defendant did not exist. I can see no legal reason for holding the defendant responsible for the acts or omissions of those men. The law imposed upon the defendant the general duty of keeping its highways in a safe condition for use, and made it responsible for the omission of reasonable care under all the circumstances in this respect. If its officers knew they were unsafe, and neglected for a reasonable time to make them so, or if, from the lapse of time after the defect existed, they ought to have ascertained it, the defendant was responsible for their negligence to those who, without fault on their part, sustained an injury therefrom. This has been so often and clearly announced by this court that a citation and review of the authorities is unnecessary. The degree of attention and care depends upon the circumstances. If excavations are being made in the streets by lot owners to whom permits to connect with sewers or any other lawful purpose has been given, which may render the streets dangerous, or there is reason to believe that such excavations may be made, the officers of the defendant should exercise reasonable care under the circumstances to prevent injury. If such care was omitted, the defendant was responsible. In short it was responsible for its own negligence in the care of the street, but not for the negligence of the servants of the lot owners in the performance of their work lawfully undertaken for their own purposes.

It is insisted by the counsel for the respondent, that the responsibility of the defendant for the acts of the servants of the lot owners in doing the work, as charged by the judge, has been determined by the adjudications of this court. I have examined all the cases cited by the counsel. *Wendell* v. *The Mayor of Troy* (4 Keyes, 261) is the only one that can with any plausibility be claimed to sustain it. In that case permission had been given to make the connection, provided the work was done under the direction of the city commissioner. The work was negligently done, and in an an action for an injury sustained thereby, the court held that the officer

of the defendant was guilty of negligence in supervising the work for which it was responsible. In this case there was no provision for any supervision of the work by any officer of the defendant, further than to see that no injury was done to the sewer. This officer had nothing to do with the excavation or its filling up. My conclusion is, that the defendant was responsible only for the negligence of its officers and not for that of the servants of the lot owners in doing their work. The charge was, therefore, erroneous.

The counsel for the respondent claims that the proof shows that the officers were guilty of negligence, and that the judgment should be sustained on this ground. The answer to this is, that the evidence was conflicting in this respect. The question was one properly for the determination of the jury. A direction by the judge to find for the plaintiff upon this ground would have been erroneous.

I also think the judge erred in overruling the defendant's objection to the following question: About what had been your profits, year by year, in that business? The plaintiff had testified that he was engaged in the tea importing and jobbing business, buying and selling teas, and had been for a great number of years. That he had a partner who attended to the sales, while he made the purchases. That in purchasing teas a high degree of skill was necessary, which the plaintiff possessed. That the business was extensive. That in consequence of the injury the plaintiff could not purchase teas, and there was a great falling off in the business of the firm. In *Lincoln* v. *Saratoga and S. Railroad Co.* (23 Wend., 425) it was held, in an analogous case, that the plaintiff might prove that he was engaged in the dry goods business, and its extent, but there was no attempt to prove the past profits of the business, with a view to show what the future would be. Where, in such a case, the plaintiff has received a fixed compensation for his services, or his earnings can be shown with reasonable certainty, the proof is competent. (*McIntyre* v. *N. Y. C. R. R. Co.*, 37 N. Y., 287 ; *Grant* v. *The City of Brooklyn*, 41 Barb., 381.) In *Nebraska City* v. *Campbell*,

(2 Black, 590) it was held that proof that the plaintiff was a physician, and the extent of his practice, was competent. *Wade* v. *Leroy* (20 How. [U. S.], 34) held the same. In none of these cases is any intimation given that proof may be given as to the uncertain future profits of commercial business, or that the amount of past profits derived therefrom may be shown, to enable the jury to conjecture what the future might probably be. These profits depend upon too many contingencies, and are altogether too uncertain to furnish any safe guide in fixing the amount of damages. In *Walker* v. *The Erie R. R. Co.* (63 Barb., 260) it was held that proof of the amount of income derived by the plaintiff for the year preceding the injury, from the practice of his profession as a lawyer, was competent. This goes beyond the rule adopted in any of the other cases, and it certainly ought not to be further extended. Whether proof of the income derived by a lawyer from the past practice of his profession is competent for the purpose of authorizing the jury to draw an inference as to the extent of the loss sustained by inability to personall attend to business, may, I think, well be doubted. There is no such uniformity in the amount in different years, as a general rule, as to make such inference reliable. But the profits of importing and selling teas are still more uncertain. In some years they may be large, and in others attended with loss. The plaintiff had the right to prove the business in which he was engaged, its extent, and the particular part transacted by him, and, if he could, the compensation usually paid to persons doing such business for others. These are circumstances the jury have a right to consider in fixing the value of his time. But they ought not to be permitted to speculate as to the uncertain profits of commercial ventures, in which the plaintiff, if uninjured, would have been engaged.

The judgment appealed from should be reversed, and a new trial ordered, costs to abide the event.

All concur. ANDREWS, J., concurs on second ground; FOLGER, J., in result.

Judgment reversed.