Scanlon v. Mayor &c. of New York.

---

MICHAEL SCANLON, Plaintiff, *against* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Defendants.

(Decided March 15th, 1883.)

Where an excavation is made in a city street by permission of the municipal authorities, but no supervision of the work is assumed or reserved on the part of the city, and the excavation is afterwards filled and the street restored to an apparently safe condition, the city is not liable for injuries resulting from hidden defects in the filling, until after express or implied notice of such defects and a reasonable time to make repairs.

MOTION for judgment upon the verdict of a jury directed subject to the opinion of the court.

The corporation of the city of New York granted to one La Marche, a licensed plumber, a permit to make an excavation in Thirty-first Street extending from the premises of James Carroll to the sewer in the roadway, in order to make repairs to the pipe connecting said premises with the sewer. The permit was issued March 20th, 1880. Work was commenced on the 22d or 23d, and completed about the 26th (Friday). La Marche's workmen re-filled the trench they had dug in the street with earth, but did not re-pave the place. They left it so on the afternoon of Friday. Rain commenced the next day, Saturday, at 9 A. M., and continued until 12 midnight; and recommenced the next day (Sunday) at 6 P. M. and continued until Monday at 7 A. M. On Monday about 2 A. M., the plaintiff driving over the spot, his horse and coupe fell into the trench, which was then one and a half to two feet deep and filled with slush, the nearly continuous rain of two days having caused the earth filling to settle.

Plaintiff brought this action to recover from the city damages for injuries to his horse and carriage, and for personal injuries received. At the trial, the judge directed a verdict for defendant, subject to the opinion of the court; the jury having assessed plaintiff's damages at $200. Defendant moved for judgment upon the verdict.

*John O. Mott*, for plaintiff.

*E. Henry Lacombe*, for defendants.

J. F. DALY, J.—[After stating the facts as above.]— The excavation made by the plumber, La Marche, for the owner of the premises under permit from the corporation, was lawful. The corporation did not assume or reserve any supervision of the work, but it was not discharged from the duty of seeing that the roadway was *apparently* safe for

travel. If the city had assumed or reserved any supervision of the work it would have been responsible for hidden defects in the method of filling in the hole, and would not be excused because the danger was not apparent (*Wendell* v. *The Mayor of Troy*, 4 Abb. App. Dec. 563). But though the city had not reserved a supervision of the work it was not therefore relieved from its general obligation to see that the streets are maintained in good repair; and if a permit to make an excavation in the street for a sewer connection be given, the city officers should exercise reasonable care under the circumstances to prevent injury. If such care were omitted the corporation is responsible. Such responsibility is for its own negligence in the care of the street and is not in any sense a liability for the negligence of the servants of the lot owners (*Masterton* v. *Mount Vernon*, 58 N. Y. 391).

What is reasonable care under the circumstances specified? The defendant here claims that the city, after granting a permit to make an excavation in the roadway, has no duty to see that the excavation is properly filled and the street made safe, until notice of some defect in the filling is brought home to it; that the duty of the city in the case of a permit to make sewer connections is the same as its general duty with respect to the streets, *viz.*: to make them safe for ordinary travel within a reasonable time after express or implied notice that they need repair. This seems to be the true rule. If the street be restored to an apparently safe condition after the excavation, express or implied notice of defects must be given to the corporation before it can be made liable for an injury resulting from such defects. Even in the case of an unlawful interference with the highway, *viz.*: the granting of permits for vault openings in the sidewalk, if the opening be apparently secured by a proper covering, the city is not liable for injuries resulting from insecure covering until notice and opportunity to repair (*Smith* v. *The Mayor*, 15 Weekly Dig. 103; *Reinhard* v. *The Mayor*, 2 Daly 243).

In this case the trench which had been dug in the street was filled up with earth above the level of the pavement but was not re-paved. It is not proved that this left the place in an apparently unsafe condition. The earth filling sank the next day (Saturday) because of rain which began to fall at 9 A. M. of that day and continued to fall until midnight, and began again at 6 P. M. Sunday and continued until 7 A. M. Monday morning. It was at 2 A. M. of Monday that the accident occurred. The evidence does not show that the filling sank so as to make it apparent that the street was unsafe within a sufficient time before the accident to authorize a finding that the city had notice of the fact and time to repair. For this reason the defendant was entitled to a verdict.

Judgment should be entered for defendant upon the verdict ordered.

VAN BRUNT and BEACH, JJ., concurred.

Judgment for defendant.