ISAAC MARKS, Respondent, *against* THE LONG ISLAND RAILROAD COMPANY, Appellant.

(Decided December 6th, 1886.)

In an action to recover damages for personal injuries, it appeared that plaintiff was a manufacturer of clothing, in which business he employed hands to sew and make up clothing which was cut and furnished to him in large quantities by dealers in clothing upon contract, and that he made the contracts personally and overlooked the work. He was allowed to show his earnings in this business, upon the ground that his personal skill and experience and knowledge were required in it, and that he could not have employed another person to take his place with equal efficiency. *Held*, that this was erroneous; for while the success of a business may be due to the special fitness of the man at the head of it, the profits of such business do not depend solely upon the skill of the individual, and are not therefore the measure of damages for a loss of his time, ability, and opportunity to earn money arising from personal injuries.

APPEAL by defendant from a judgment of this court entered upon a verdict for plaintiff for $10,000, damages, besides costs, for personal injuries sustained through defendant's negligence.

The facts are stated in the opinion.

*Edward E. Sprague*, for appellant.

*J. R. Cuming* and *R. S. Green*, for respondent.

J. F. DALY, J. — The exceptions in this case are to rulings on the question of damages only. The plaintiff was a manufacturer of clothing. He employed hands to sew and make up clothing, which was cut and furnished to him in large quantities by dealers in clothing, upon contract. He made the contracts personally and overlooked the work. He was allowed to show his earnings in this business, upon the ground that his personal skill, experience, and knowledge were required in it, and that he could not have employed

another person to take his place with equal efficiency. The appellant claims that these "earnings" were profits, and that the proof should have been excluded, under the ruling in *Masterton* v. *Mount Vernon* (58 N. Y. 391), where it was held that proof of past profits of the business in which plaintiff was engaged was incompetent in an action to recover damages for personal injuries.

In that case the plaintiff had been engaged in the tea importing and jobbing business, buying and selling teas; he had a partner who attended to the sales while he made the purchases, and in purchasing teas a high degree of skill was necessary, which plaintiff possessed; and in consequence of the injury, the plaintiff could not purchase teas, and there was a great falling off in the business of the firm. In the case before us, plaintiff testified that he made the contracts down town for the work, got the goods, and brought them home, and then superintended the making so as to be satisfactory for the trade; and that "to go down town and make contracts, you cannot get any one to do that for you."

There is no distinction between these cases except that the plaintiff in the one cited was in the mercantile business, and in this case the plaintiff is in the manufacturing business. It was for the loss of profits this plaintiff recovered, although his counsel calls it earnings. If this plaintiff had the right to recover his loss in his business, Masterton had surely the right; but the court, in respect of his claim, say: "These profits depend upon too many contingencies and are altogether too uncertain to furnish any safe guide in fixing the amount of damages. The plaintiff had the right to prove the business in which he was engaged, its extent, and the particular part transacted by him, and, if he could, the compensation usually paid to persons doing such business for others. These are circumstances the jury have a right to consider in fixing the value of his time. But they ought not to be permitted to speculate as to the uncertain profits of commercial ventures, in which the plaintiff, if uninjured, would have been engaged."

Marks *v.* Long Island R. Co.

It is true that the plaintiff here testified that he could not employ any person to go down town and make contracts for work, but the element of personal skill and experience was even stronger in the case of Masterton, where the question was as to judgment in the buying of teas, although it does not appear that there was any testimony in that case as to ability to employ others to do the work. It is not too much to assume, however, in every such case, that success in every business is due to the special fitness and aptness of the men at the head of it or of its various departments, but the profits of such business do not depend solely upon the skill of the individual, and are not therefore the measure of his damage when he seeks a recovery for his loss of time, ability, and opportunity to earn money arising from personal injury.

The court charged the jury that the loss in business which the jury thought the direct result of the injury would be an element of damage. The defendant's counsel asked an instruction that "the plaintiff's profits before the injury cannot furnish a guide in fixing the amount of pecuniary loss. Profits in business depend upon many contingencies, and the jury must dismiss the plaintiff's proof of profits wholly from their consideration." The court declined to charge upon that subject except as already charged, and added, "they may be taken into consideration in estimating the amount of damages." Defendant excepted. Defendant also asked the court to charge that the jury cannot make any allowance for the loss of future profits. The court declined to charge except as already charged, and defendant excepted.

I think that a new trial should be granted, with costs to abide event.

Van Hoesen, J., concurred.

Judgment reversed and new trial ordered, with costs to abide event.