64h     499
173 NY²463

COMMERCIAL NATIONAL BANK, OF PEORIA, ILLINOIS, APPELLANT, *v.* EDMUND K. TAYLOR, RESPONDENT, IMPLEADED WITH OTHERS, DEFENDANTS.

*Joint debtors in an action in tort for a liquidated demand — when a composition with one does not discharge the others — contribution.*

A bank brought an action against Edmund K. Taylor, Henry E. Taylor and James H. Miles, as copartners, to recover $1,058.72, the balance of the proceeds of grain sold by that firm as agents, which amount the complaint alleged that they had fraudulently misapplied and converted.

It appeared upon the trial that the bank had, pending the action, for value, released Henry E. Taylor and James H. Miles by an instrument which stated that nothing therein contained should be in any manner construed as releasing or

impairing any right of action, or right to take any proceeding then existing in favor of said bank against said Edmund K. Taylor, on account of his connection with said copartnership. Edmund K. Taylor did not participate in the alleged fraudulent transactions, and at the time the release was given the copartnership had been dissolved.

The plaintiff was nonsuited as to Edmund K. Taylor.

*Held,* that this was improper.

That section 1942 of the Code of Civil Procedure authorized the bank to release the other defendants without also releasing the joint debtor Edmund K. Taylor.

That the fact that the action sounded in tort did not make the debt any less a debt of a specific liquidated amount.

That as to such a debt a creditor might settle with one joint debtor, though this would not be the case where the debt or liability was unliquidated.

That if Edmund K. Taylor should be forced to pay more than his just proportion, he could compel contribution from the co-debtors under section 1944 of the Code of Civil Procedure.

APPEAL by the plaintiff, the Commercial National Bank, of Peoria, Illinois, from a judgment of the Supreme Court, entered in the office of the clerk of the county of Erie on the 26th day of May, 1891, dismissing the complaint, as against the defendant Edmund K. Taylor, upon the merits, with costs, after a trial at the Erie Circuit before the court and a jury.

*Adelbert Moot,* for the appellant.

*Porter Norton,* for the respondent.

LEWIS, J.:

The plaintiff is a national bank carrying on business in Peoria, Illinois. This action was brought against the respondent Edmund K. Taylor and Henry E. Taylor and James H. Miles, as copartners, to recover $1,058.72, the balance of the proceeds of a quantity of grain which the defendants sold for the plaintiff as agents, they agreeing to pay over the proceeds when received, which they neglected to do and fraudulently misapplied the proceeds to their own use. The form of action was for the conversion of the money and the plaintiff demanded judgment for the sum mentioned. Edmund K. Taylor answered alleging that the acts out of which the indebtedness arose were participated in by the defendants Henry E. Taylor and James H. Miles, jointly with him, with full knowledge of the commission of the acts which the plaintiff claims and charges in

this complaint were a fraudulent misapplication of the plaintiff's money ; and further alleged that after the commencement of the action the plaintiff, for a valuable consideration, executed and delivered to each of the defendants, Henry E. Taylor and James H. Miles, a deed of release, under seal, from the cause of action set up in the complaint.

The plaintiff's evidence established a complete cause of action against the defendants for the amount of the claim mentioned. And it further appeared that the defendants were indebted to the plaintiff for other causes of action against them as copartners, amounting to the sum of upward of eighty thousand dollars. The execution and delivery of the release mentioned in the defendants' answer were proven, and, by its terms, it appeared that the plaintiff had duly released the defendants, Henry E. Taylor and James H. Miles, from all claims upon them of every name and nature. The release con-tained the clause that "nothing herein contained shall be in any manner construed as releasing or impairing any right of action or right to take any proceeding now existing in favor of said bank against said Edmund K. Taylor, on account of his connection with said copartnership." The copartnership of the defendants had been, prior to the execution and delivery of the release, dissolved. The plaintiff's cause of action was never paid or satisfied by the defend-ants, and still exists, unless the defendant Edmund K. Taylor is released therefrom by virtue of the terms and conditions of the release aforesaid. Edmund K. Taylor did not personally participate in the transactions out of which the cause of action accrued; the same were conducted by the defendant Henry E. Taylor while the firm was in existence. At the close of the evidence the court held and decided that the cause of action set forth in the complaint, being a cause of action sounding in tort, the release of the defend-ants Henry E. Taylor and James H. Miles operated to release the defendant Edmund K. Taylor, notwithstanding the reservations attempted to be made in said release of the cause of action in the complaint set forth as against the defendant Edmund K. Taylor, and that, therefore, the plaintiff was not entitled to further main-tain the action, and nonsuited the plaintiff and ruled that the plaintiff was not entitled to go to the jury because of such releases, to which ruling the plaintiff duly excepted.

Under the common law these releases, undoubtedly, would have been fatal to a recovery; and unless section 1942 of the Code of Civil Procedure authorized the plaintiff to release the defendants Henry E. Taylor and Miles, and still retain its cause of action against the defendant Edmund K. Taylor, the nonsuit was correct. The whole paper must be considered together to arrive at the intention of the parties. The plaintiff clearly did not intend to release its entire cause of action. The agreement, in effect, was, that it would not further prosecute the released parties. It was for their benefit only. Section 1942 provides that a joint debtor may make a separate composition with his creditors; that such a composition discharges the debtor making it and him only. Such release does not impair the creditor's right of action against any other joint debtor or his right to take any proceeding against the latter unless an intent to release or exonerate him appears affirmatively upon the face thereof. The defendants were joint debtors. They owed the debt jointly. They were jointly liable to pay it. It was contracted by them as copartners. Plaintiff could have waived the tort and brought its action upon contract. It is not apparent how the character of the indebtedness was altered or changed by the action being in form in tort. It was, notwithstanding the form of the action, still a claim against the defendants arising out of a partnership transaction. The money in their hands was the property of their principal. Neither the essential nature and character of the cause of action nor the relationship of the parties towards each other was extinguished or destroyed by treating it as a wrong, by instituting an action for conversion. "The relation of debtor and creditor may arise by direct agreement, or breach of duty between the parties. The legal acceptation of a debt is a sum of money due by certain and express agreement. It is a precise sum not dependent upon any further calculation to ascertain it. A debt is properly opposed to unliquidated damages and liability for use ·in the sense of an inchoate or contingent debt. (Am. and Eng. Encyl. of Law, vol. 5, pp. 143, 150, 180.) The liability of a person who obtained money from another by reason of false and fraudulent representations in the sale of a patent-right was held a debt within the meaning of that word, as used in the homestead exemption statute. (*Warner* v. *Cammack*, 37 Iowa, 642.) It is

stated in the opinion of the court : " We hold that it was a debt. And this because the plaintiff in the action might have waived the tort and brought his action for money paid to the use of the defendant therein. Wherever a party has derived a pecuniary advantage from a wrong done by him, and it is competent for the person suing thereon to waive the tort and maintain his action upon the promise implied by the law, there the obligation to pay is a debt, and this regardless of the form of action in which that obligation is sought to be enforced. * * * The converse of the proposition just stated must also be true, that wherever a wrong is done, resulting in no pecuniary advantage to the wrong-doer, and where the action must be in tort, and sound only in damages, there the obligation to pay is not a debt until ascertained by judgment." The amount of the plaintiff's claim was certain and fixed. It was $1,058.72, no more nor no less. Its amount was not affected by the form of the action. In cases where the damages are uncertain and unliquidated, determinable only by the verdict of a jury, or judgment of a court, a different rule prevails. Such claims cannot be divided nor determined before judgment. No apportionment of responsibility between the wrong-doers can be had. Each must be wholly responsible for all. Satisfaction by one is a satisfaction for all. If a creditor in such cases accepts payment of a sum of money, it cannot be then known whether he has not received payment in full of his claim, or what in law is deemed an equivalent.

But where the amount of the claim is definite and is known, and the settlement of one is not for the whole claim, but for only part, a different rule prevails. It was held in *Fitzgerald* v. *Smith* (1 Ind., 310), that where the wrong consisted in the conversion of two certain specific items of property, it was competent to settle with one on his returning one of the articles taken, and proceed afterwards against the other. In *McCrillis* v. *Hawes* (38 Maine, 566), one hundred sticks of pine timber had been converted by the defendant and one Lewis as partners. Lewis was the principal actor and jointly liable with the defendant for the conversion. Lewis settled with the plaintiff and paid sixty dollars for his half of the damage claimed, and was thereupon released in full by the plaintiff from all further liability to him on account of the cause of action.

The court held, notwithstanding the settlement made with Lewis, as it did not appear that the settlement was for the whole trespass, but was expressly limited to a compensation for one-half of the property taken, that an action could be maintained against the joint trespasser to recover for the balance of the property. *Matthews* v. *Chicopee Manufacturing Company* (3 Robt., 712), was a case of a release of one of several joint tort feasors with a reservation of the liability against the other. Chief Justice ROBERTSON held that the release was not a bar to the recovery against the one not released. To the same effect is *Ellis* v. *Esson* (50 Wis., 138).

The defendant Edmund K. Taylor did not personally participate in the fraud, and hence no difficulty arises under the doctrine of contribution. Should he be compelled to pay more than his just proportion of the debt, he can compel contribution from his co-debtors. (Code of Civil Procedure, § 1944 ; Cooley on Torts, 144.) If these views are correct, it follows that it was error to nonsuit the plaintiff.

The judgment and order appealed from should be reversed and a new trial granted, with costs to abide the event.

DWIGHT, P. J., and MACOMBER, J., concurrred.

Judgment appealed from reversed and a new trial granted, costs to abide event.