(6 Misc. Rep. 267.)

### PILL v. BROOKLYN HEIGHTS R. CO.

(City Court of Brooklyn, General Term.    December 26, 1893.)

1. DAMAGES—LOSS OF FUTURE EARNINGS.

Evidence that plaintiff in an action for personal injuries was engaged in making corsets to order, in which she maintained a workroom in her house and employed two girls to help her, shows that her earnings in such business were the result of her personal skill, so as to authorize a recovery for loss of future earnings by reason of the injury.

2. SAME—INSTRUCTIONS.

An instruction that plaintiff is entitled to loss "in future earnings," instead of loss of "future earning power," is not erroneous where the jury were not directed to make conjectural profits the basis of their award, or to consider evidence of past profits.

Appeal from trial term.

Action by Eliza Pill against the Brooklyn Heights Railroad Company for personal injuries.    From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals.    Affirmed.

Argued before CLEMENT, C. J., and OSBORNE, J.

Henry D. Hotchkiss, for appellant.
Chas. J. Patterson, for respondent.

OSBORNE, J.    Plaintiff brought this action to recover damages alleged to have been sustained by her through the negligence of the defendant.    She obtained a verdict for $6,500, and from the judgment entered thereon and the order denying a motion for a new trial, this appeal is taken.

After the charge to the jury, the learned trial judge was requested by the counsel for the plaintiff "to charge the jury that, if the jury are satisfied that the plaintiff has lost the ability to earn money in the future by reason of this accident, and they find for the plaintiff, then they are obliged to include in the award such sum as they believe the plaintiff will lose in future earnings by reason of the injury."    The learned trial judge charged as requested, and the learned counsel for the appellant duly excepted thereto.    The exception so taken is the only point raised by the learned counsel for the appellant on this appeal, and he contends in a very able argument that such charge was erroneous and constitutes good ground for a reversal.    Plaintiff having been shown to be incapacitated by the injuries which she sustained from doing work, from following her usual occupation, there can be no question that the loss of her ability to work, to earn money at her vocation, was an element which the jury was bound to take into consideration in assessing her damages.    Plaintiff was a working woman, and she certainly had the right to prove that she possessed, previous to the injuries complained of, some earning capacity.    How otherwise was it possible for her to do so, unless she proved just what work she had been engaged in, and what she had earned?    Then, when it was shown that she had lost her previous capacity to earn, as testified to by her, the loss of such earnings in the future, by reason of the injury, was an element

of damage which it was the duty of the jury to include in any verdict which they might award her.

The learned counsel for the appellant, however, contends that the charge of the learned trial judge was erroneous in that he charged that the "loss in future earnings," instead of loss of "future earning power," was to be included in any award of the jury.   While it is quite true that evidence of a speculative or conjectural character is condemned by the courts, and a verdict based thereon will be set aside, still we do not think that the request to charge that was excepted to was open to that objection.   The jury were not directed to make estimated or conjectural future profits the basis of their award in that particular, nor even to consider any evidence of past profits in estimating plaintiff's damages.   The charge, substantially, was to award plaintiff, if she recovered at all, such amount as the jury believed she would lose in future earnings by reason of her disability, and, of course, in determining that, the jury was bound to consider all the evidence in the case touching upon that subject.

The cases of Masterton v. Village of Mount Vernon, 58 N. Y. 391, and of Marks v. Railroad Co., 14 Daly, 61, are relied on by the learned counsel for the appellant as sustaining his contention. Neither of those cases seems to us to be in point.   In the Masterton Case plaintiff was a member of a firm doing a large business in the importing, purchasing, and selling of teas, and was an expert in teas, and he was allowed to prove that large profits had been made by his firm previous to his sustaining his injuries, that he was no longer able to attend to his business, that the profits had largely fallen off, and it was claimed that this loss of profits was due to plaintiff's incapacity, and that he had a right to recover therefor. The court decided that the profits of a large commercial partnership were too uncertain and subject to too many contingencies to constitute a safe guide in assessing damages.   But even in that case Judge Grover, writing the opinion of the court, said:   "When in such a case plaintiff has received a fixed compensation for his services, or his earnings can be shown with reasonable certainty, the proof is competent."   In the Marks Case plaintiff was a manufacturer of clothing.   He employed hands to sew and make up garments that had been cut and furnished to him in large quantities by dealers in clothing, on contract.   There, likewise, it can readily be seen that plaintiff's future profits, for the loss of which he claimed to recover, were largely uncertain and contingent, and the court very properly held that in such a case the profits of the business did not depend solely on the skill of the individual.   We think that the law as laid down in the case of Ehrgott v. Mayor, etc., 96 N. Y. 264, is in point.   In that case plaintiff, a book canvasser, was permitted to show his previous earnings, and the court illustrated his position by likening it so far as earnings were concerned to the occupations of a lawyer, a physician, or a dentist, as individuals whose earnings are the result of their personal and professional skill without capital invested.   The lawyer is compelled to invest in law books, and to employ clerks to assist him; the physician in many cases, especially in the rural districts, provides the medicines he prescribes; the

dentist invests in gold leaf and plate, artificial teeth, expensive tools and appliances, and employs assistants,—yet the court referred to the lawyer, the physician, and the dentist as persons whose earnings were the result of their personal and professional skill without the investment of capital, and whose previous earnings or profits might be given in evidence on the question of damages sustained by being incapacitated from following their respective occupations.

In the case before us plaintiff testified, without objection, that she was a custom corset maker and had been for 15 years. "By custom corset maker I mean I make them to order for people, to fit people." That she had a workroom in her house, employed two girls to help her, to one of whom she paid one dollar a day, and to the other ten dollars a month and kept her in the house steady, and that her earnings were from thirty to fifty dollars a week, and that they averaged twenty-five to thirty dollars a week the year round. While the evidence does not show it, we may safely assume that plaintiff purchased the materials necessary to make corsets as ordered by her customers; but we do not think that such purchases and the employment of two women to assist her can be deemed, within the cases, an investment of capital. We think that plaintiff's business, as described by her, was plainly one where her earnings, as testified to by her, were the result of her personal skill, and that they were "shown with reasonable certainty," as Judge Grover puts it supra. We are accordingly of the opinion that the exception to the request to charge was not well taken, and that the judgment and order denying motion for a new trial should be affirmed, with costs.

CLEMENT, C. J. I am of opinion that the judgment and order denying new trial should be affirmed, on the ground that the jury were only instructed to include in their award such sum as they found the plaintiff would lose in future earnings by reason of the injury. There was testimony on which the jury could determine her earning capacity, and the question of the right of the plaintiff to recover for loss of future profits of the business was not involved in the request.