BLATE v. THIRD AVE. R. CO.

(Supreme Court, Appellate Division, First Department. May 6, 1898.)

PERSONAL INJURIES—DAMAGES—EVIDENCE.

At the trial of an action to recover damages for personal injuries resulting from the negligence of defendant, the plaintiff, who was engaged on a somewhat extensive scale in manufacturing and selling mattresses and pillows and selling iron bedsteads, and who employed five workmen, was permit-

ted, against defendant's objection, to testify to the gross receipts of his business the year prior to the accident, and to a subsequent reduction in his profits. *Held,* that as it was apparent that the business involved an investment of capital, and that the receipts or profits did not depend entirely upon plaintiff's personal services, and were necessarily uncertain and speculative, they furnished no basis for an award of damages resulting from his personal injuries, and the admission of the testimony was error.

Appeal from trial term, New York county.

Action by Simon Blate against the Third Avenue Railroad Company. From a judgment on a verdict and from an order denying a new trial, defendant appeals. Reversed. For opinion on former appeal, see 44 N. Y. Supp. 615.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, McLAUGHLIN, and INGRAHAM, JJ.

Herbert R. Limberger, for appellant.

Sumner B. Stiles, for respondent.

McLAUGHLIN, J. This action was brought to recover damages for personal injuries alleged to have been sustained by reason of the defendant's negligence. The plaintiff had a verdict of $5,000, and from the judgment entered thereon and the order denying a motion for a new trial the defendant has appealed. The plaintiff was engaged in manufacturing and selling mattresses, feather pillows, and bedding. He also bought and sold iron bedsteads. Upon the trial he was permitted, against the objection of the defendant, to state the gross receipts of his business the year prior to the accident; and the court, after stating that the plaintiff had testified that before the accident he had been making in his business $6,000 a year, and since then $4,000 a year, instructed the jury that it had the right to award damages for any loss in his business by reason of and flowing from his injuries, and that the loss or depreciation in the receipts referred to, while not conclusive, was an element which might be considered in determining the amount. The defendant duly excepted to such instructions, and requested the court to charge that there could be no recovery for any loss of profits in the plaintiff's business, and that the jury could make no award therefor. This request was denied, and an exception taken.

We think these exceptions were well taken. The evidence referred to was inadmissible, the charge as made was not a correct statement of the law, and the defendant was entitled to have the jury instructed in the manner asked. The plaintiff's business was quite extensive. He employed in connection with it some five workmen. His sales at times amounted to upwards of 50 mattresses a day. It is apparent that the receipts or profits of a business as extensive as this did not depend entirely upon the personal services of the plaintiff. They depended in no small degree upon the capital invested, the location of the establishment, and the condition of the market, both as to the cost of the raw material and the price to be obtained for the goods manufactured. Future receipts or profits of such a business must, of necessity, be uncertain and speculative, and so much so that they cannot be used as a basis of awarding damages for a personal injury sustained by the owner. The conclusion of a jury, based upon such evi-

dence, must be purely speculative; indeed, little or no better than a guess. In Masterton v. Village of Mt. Vernon, 58 N. Y. 391, a similar question was presented, and the court there held that proof of past profits of the business in which the plaintiff was engaged could not be received for the purpose of determining the damages to which the plaintiff was entitled for personal injuries sustained. See, also, Marks v. Railroad Co., 14 Daly, 61; Johnson v. Railway Co., 52 Hun, 111, 4 N. Y. Supp. 848. This authority is binding upon us, and requires a reversal of the judgment appealed from. In reaching this conclusion we have not overlooked the case of Pill v. Railroad Co., 6 Misc. Rep. 267, 27 N. Y. Supp. 230. There the plaintiff was a custom corset maker. She personally solicited orders from individuals, and then manufactured corsets to fit the individuals from whom she had solicited the orders. She had a workroom in her house, and employed two girls to help her, one of whom she paid $1 per day, and the other $10 per month. The court held that the earnings of the business depended upon the personal efforts of the plaintiff. A careful consideration of the facts in that case shows that there was no investment of "capital," in the sense in which that word is usually and commonly understood; that, while the plaintiff might have purchased the material out of which the corsets were manufactured, yet that required no such outlay of money as could justly and fairly be considered an investment of capital. But a business in which five workmen are employed, and in which sales of upwards of 50 mattresses per day are at times made, is an entirely different thing. That such a business requires the investment of capital is too apparent for discussion, and that the receipts or profits of the same do not depend entirely upon the personal efforts of the owner is equally clear.

It follows that the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.