Simon Blate, Respondent, *v.* The Third Avenue Railroad Company, Appellant.

*Negligence — measure of damages — when proof of the receipts and profits of a manu-*
*facturing business, conducted by the injured party, is incompetent.*

In an action brought to recover damages for personal injuries, alleged to have been sustained by the plaintiff by reason of the defendant's negligence, it is not proper for the court to allow the plaintiff, who is engaged in an extensive manufacturing business, in connection with which he employs some five workmen, and the receipts or profits of which do not depend entirely upon his personal services, to state the gross receipts of his business for the year prior to the accident, nor should the court instruct the jury that it has a right to award damages to the plaintiff for any loss sustained in his business by reason of his injuries, and that the loss or depreciation in the receipts of the business, while not conclusive, is an element which may be considered in determining the amount of damages.

Appeal by the defendant, The Third Avenue Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 15th day of November, 1897, upon the verdict of a jury for $5,000, and also from an order entered in said clerk's office on the 2d day of December, 1897, denying the defendant's motion for a new trial made upon the minutes.

*Herbert R. Limburger*, for the appellant.

*Sumner B. Stiles*, for the respondent.

McLaughlin, J.:

This action was brought to recover damages for personal injuries alleged to have been sustained by reason of the defendant's negligence. The plaintiff had a verdict of $5,000, and from the judgment entered thereon and the order denying a motion for a new trial the defendant has appealed.

The plaintiff was engaged in manufacturing and selling mattresses, feather pillows and bedding; he also bought and sold iron bedsteads. Upon the trial he was permitted, against the objection of the defendant, to state the gross receipts of his business for the year prior to the accident; and the court, after stating that the plaintiff had testified

that before the accident he had been making in his business $6,000 a year, and since then $4,000 a year, instructed the jury that it had the right to award damages for any loss in his business by reason of and flowing from his injuries, and that the loss or depreciation in the receipts referred to, while not conclusive, was an element which might be considered in determining the amount.   The defendant duly excepted to such instructions, and requested the court to charge that there could be no recovery for any loss of profits in the plaintiff's business, and that the jury could make no award therefor. This request was denied and an exception taken.

We think these exceptions were well taken.   The evidence referred to was inadmissible; the charge, as made, was not a correct statement of the law, and the defendant was entitled to have the jury instructed in the manner asked.

The plaintiff's business was quite extensive.   He employed in connection with it some five workmen.   His sales, at times, amounted to upwards of fifty mattresses a day.   It is apparent that the receipts or profits of a business as extensive as this did not depend entirely upon the personal services of the plaintiff.   They depended in no small degree upon the capital invested, the location of the establishment and the condition of the market, both as to the cost of the raw material and the price to be obtained for the goods manufactured.   Future receipts or profits of such a business must of necessity be uncertain and speculative; and so much so that they cannot be used as a basis of awarding damages for a personal injury sustained by the owner.   The conclusion of a jury, based upon such evidence, must be purely speculative; indeed, little or no better than a guess. In *Masterton* v. *Mt. Vernon* (58 N. Y. 391) a similar question was presented; and the court there held that proof of past profits of the business in which the plaintiff was engaged could not be received for the purpose of determining the damages to which the plaintiff was entitled for personal injuries sustained.   (See, also, *Marks* v. *Long Island R. R. Co.*, 14 Daly, 61; *Johnson* v. *Manhattan Ry. Co.*, 52 Hun, 111.)   This authority is binding upon us, and requires a reversal of the judgment appealed from.   In reaching this conclusion we have not overlooked the case of *Pill* v. *Brooklyn Heights R. R. Co.* (6 Misc. Rep. 267).   There the plaintiff was a custom corset maker.   She personally solicited orders from individuals, and then

manufactured corsets to fit the individuals from whom she had solicited the orders. She had a workroom in her house and employed two girls to help her, one of whom she paid one dollar per day and the other ten dollars per month. The court held that the earnings of the business depended upon the personal efforts of the plaintiff. A careful consideration of the facts in that case shows that there was no investment of capital in the sense in which that word is usually and commonly understood; that while the plaintiff might have purchased the material out of which the corsets were manufactured, yet that required no such outlay of money as could justly and fairly be considered an investment of capital. But a business in which five workmen are employed, and in which sales of upwards of fifty matresses per day are at times made, is an entirely different thing. That such a business requires the investment of capital is too apparent for discussion, and that the receipts or profits of the same do not depend entirely upon the personal efforts of the owner is equally clear.

It follows that the judgment must be reversed and a new trial ordered, with cost to the appellant to abide the event.

VAN BRUNT, P. J., PATTERSON, O'BRIEN and INGRAHAM, JJ., concurred.

Judgment reversed and new trial ordered, with costs to appellant to abide event.