GEORGE WALDIE, Respondent, *v.* THE BROOKLYN HEIGHTS RAILROAD
COMPANY, Appellant.

*Negligence — recovery for personal injuries by a member of the Sandy Hook Pilots'
Association — proof that he paid all fees to it and from it received his share of the
total earnings — a $10,000 verdict held not to be excessive.*

In an action to recover damages for personal injuries, sustained by the plaintiff
while alighting from one of the defendant's cars, it appeared that the plaintiff
was a licensed Sandy Hook pilot and was a member of the Sandy Hook Pilots'
Association; that the legal fees received by the members of the association for
their personal services in piloting vessels were turned into a common fund
from which, after the payment of incidental expenses, each pilot received the
sum of $200 per month, the surplus remaining being divided at stated inter-
vals. Aside from the pilot boats the association had no capital in a business
sense and made no investments, the fund consisting entirely of the personal
earnings of the members.

*Held,* that the plaintiff was entitled to show the amount which he received
monthly from the Pilots' Association, as it appeared that such amount was
earned by the plaintiff through his own personal labors irrespective of any con-
sideration of capital, investment or profit, or any other shifting and uncertain
element;

That, it appearing that the plaintiff had sustained a fracture of the thigh result-
ing in his permanent disability to pursue his occupation as pilot, and that in
consequence thereof the association no longer paid him the sum of $200 per
month, but simply a pension of $75 per month, a verdict of $10,000 could not
be said to be excessive.

GOODRICH, P. J., dissented from the last proposition.

APPEAL by the defendant, The Brooklyn Heights Railroad Com-
pany, from a judgment of the Supreme Court in favor of the
plaintiff, entered in the office of the clerk of the county of Kings on
the 20th day of January, 1902, upon the verdict of a jury for
$10,000, and also from an order entered in said clerk's office on the
7th day of February, 1902, denying the defendant's motion for a
new trial made upon the minutes.

*I. R. Oeland* and *George D. Yeomans,* for the appellant.

*Stephen C. Baldwin,* for the respondent.

HIRSCHBERG, J. :

The plaintiff has recovered a judgment for damages resulting
from an injury received while alighting from one of the defendant's
cars. The evidence is conflicting upon the question of negligence,

but it was fairly submitted to the jury. The version of the accident given by the plaintiff is certainly a more reasonable one than that offered in defense, and it cannot be said that the result is against the weight of evidence so as to require or justify a reversal.

The appellant contends, however, that the learned trial court erred in permitting the plaintiff to prove that at the time of the accident and for some years previously he was in receipt of the sum of $200 a month from the corporation known as the Sandy Hook Pilots' Association. The proof was offered for the purpose of showing the amount which the plaintiff was actually earning by his individual labor at the time of his injury, and, although the question as presented is somewhat novel, I think the evidence was clearly within the spirit of the adjudicated cases.

The plaintiff was at the time a licensed Sandy Hook pilot. His earnings consisted of fees received by him for personal services rendered in boarding incoming vessels at sea and bringing them into port, such fees being regulated by law and dependent in amount upon the draft of the vessel piloted. The association referred to has been formed by the various licensed pilots, and all the money received by them for fees is turned into a common fund, from which, after the payment of incidental expenses, each pilot receives the sum of $200 per month. Whatever surplus remains is also divided at stated intervals, but, as no proof was given showing the amount of such dividends, the fact is immaterial to the present inquiry. It was shown that the plaintiff by his injury has lost the power and the right to earn and to receive the $200 per month since the accident, but that he is entitled to receive under the rules of the association a pension of $75 a month. The association has no capital in a business sense and makes no investments, the fund consisting entirely of the personal earnings of the members. The pilot boats, of course, have value, and are necessarily used by the members in the performance of their duty, but do not in any degree affect the amount of the individual earnings or receipts for the purposes of this case under the limitation of the evidence which has been pointed out. The evidence lawfully established the amount which the plaintiff earned by his own personal labors irrespective of any consideration of capital, investment or profit or any other shifting and uncertain element, and, as I have said, was fully justified

by the authorities. The case, as the learned trial justice stated on admitting the evidence, is similar to that of *Thomas* v. *Union Railway Co.* (18 App. Div. 185), where the plaintiff was engaged in partnership with others, but the firm simply employed the personal services of the parties. This court there held that the evidence of the plaintiff's earnings was properly admitted, inasmuch as they did not proceed in any way from the use of capital nor were subject to the hazard of business ventures.

The cases cited by the appellant are distinguishable. In *Masterton* v. *Village of Mount Vernon* (58 N. Y. 391) the plaintiff's business was of such a nature that the amount of his profits was uncertain, and the court held that, under such circumstances, proof of past profits was incompetent. It was pointed out, however (p. 395), that even in such a case, where " the plaintiff has received a fixed compensation for his services or his earnings can be shown with reasonable certainty, the proof is competent."

In *Blate* v. *Third Avenue Railroad Co.* (29 App. Div. 388) the receipts or profits of the business did not depend entirely upon the personal services of the plaintiff, but depended largely upon the capital invested, the location of the establishment and the condition of the market, and it was consequently held that the profits were too uncertain and speculative to be used as a basis for awarding damages for a personal injury. To the like effect are *Read* v. *Brooklyn Heights R. R. Co.* (32 App. Div. 503) and *Hewlett* v. *Brooklyn Heights R. R. Co.* (63 id. 423), both cases in which the earnings were uncertain, and flowed from the use of capital, and not alone from the time and energy devoted to labor.

It was suggested on the trial that under the arrangement with the pilot association the plaintiff's monthly receipts may have exceeded his actual individual earnings. The suggestion has no force in this form of action, but it was fully met by an offer and attempt on the part of the plaintiff to prove the exact amount of his personal earnings, that is, the amount which he received for his own labor and turned into the association each month, but the proof was excluded on the defendant's objection.

The appellant claims that the verdict is excessive. The plaintiff when injured was capable of earning a good livelihood in an occupation calling for unusual courage, activity and endurance. The acci-

dent resulted in a fracture of the thigh, with permanent disablement, and the loss of his occupation involving the diminution or income to the extent of $125 a month. In view of other recoveries which the court has upheld, it certainly cannot be said that the assessment of damages under these circumstances is so great as to justify interference.

The judgment and order should be affirmed.

GOODRICH, P. J., BARTLETT and WOODWARD, JJ., concurred, GOODRICH, P. J., being of opinion, however, that the recovery is excessive and should be reduced.

Judgment and order affirmed, with costs.