I dissent from the decision about to be made. It was unnecessary in this case to show that a release or any written instrument had *Page 70 
been delivered to the Erie Railroad Company. It was sufficient to show by parol a satisfaction by that company. This could be just as well effected by an oral agreement and receipt of consideration as by any written instrument. The plaintiff testified: "I brought an action against the Erie Railroad first. I settled the action against the Erie. I received at the time I made that settlement $7,000. * * * I brought a suit against the Erie for this accident, and I say I settled with the Erie, yes, sir. * * * When I settled with them at that time I did not understand it just as I alleged in the complaint, yet I settled with them." There is not a word of further testimony to limit the effect of this bald statement, and the question is, what does it, on its face and unqualified by other evidence, import? I think it imports a satisfaction of the claim. It is true that the plaintiff might have received money from the Erie Company upon an agreement that would not operate to discharge the defendant in this action, but if that was the case it was incumbent on the plaintiff to show that such was the agreement. If the testimony or admission of a party was that he had been paid the claim in suit, it would import that he had been paid the whole claim and in a manner that would operate to discharge it. If the claim had been paid only in part or by a note, the failure to pay which revived the original claim, the claimant would be bound to state the fact. The proposition, however, seems to be settled in this state by authority. In Barrett v. Third Ave. R.R. Co. (45 N.Y. 628) the question was similar to that which has arisen in this case. On the submission of the case to the jury the court was requested to charge that "if they (the jury) believed that there had been a settlement with the Harlem Railroad Company for the injury claimed in this action, no matter how slight the consideration, this action could not be maintained." This court said: "The request was proper in terms, and should have been complied with, if *Page 71 
there was any evidence of such settlement." (p. 636.) InDahlstrom v. Gemunder (198 N.Y. 449, 455), which was also the case of an alleged satisfaction by one of two joint tort feasors, Judge HISCOCK, writing for the court, said: "`Plaintiff further admits that the action so brought against the said Hay was settled and compromised for the sum of $1,750.' * * * If the claim has been settled, that is satisfied, there is nothing to be reserved as a basis for prosecution of another liable for the same claim," citing cases. That "settlement" imports satisfaction is evidenced by the use of the word in judicial opinions rendered in scores of cases in this and other states. In Nassoiy v.Tomlinson (148 N.Y. 326, 331) Judge VANN said: "We think that the undisputed evidence shows conclusively that the offer was made in settlement of the claim and that the plaintiff so understood it, when, by using the check he accepted the offer." In Gilbert v. Finch (173 N.Y. 455), upon which reliance is placed in the opinion of my brother WERNER, the claim was for a certain sum and the instrument itself reserved the right. This fact is emphasized in the opinion there rendered by Judge HAIGHT and it also appeared in many of the cases cited by him in this and other states. (Irvine v. Millbank, 56 N.Y. 635;McCrillis v. Hawes, 38 Me. 566; Ellis v. Esson,50 Wis. 138; Sloan v. Herrick, 49 Vt. 327. See, also, Ellis v.Bitzer, 2 Ohio, 89.) In the present case the damages were unliquidated and $5 would have amounted to a satisfaction as well as $5,000.
The real ground on which the case is to be affirmed, however, seems to be because it appears in the stenographer's minutes, though not in the printed record, that the "paper" of settlement when offered in evidence by the plaintiff was objected to by counsel for the defendant and thereupon withdrawn. The instrument is not produced before us, and we are entirely ignorant of its contents, yet we are to speculate that the contents of the instrument would have been unfavorable to the defendant *Page 72 
and have shown that the agreement was of a character that would not discharge the defendant. In my judgment such speculation is entirely unwarranted. It would never be tolerated in the action of a jury, and much less should it be indulged in by a court of law. What was the ground of the objection to the instrument we do not know. We do know, however, that after the objection was made by the defendant the plaintiff voluntarily withdrew it. What is the presumption from this conduct — that the instrument was competent evidence and the defendant wrongfully kept it out or that the plaintiff in withdrawing the offer conceded that the objection was well founded? Plainly the latter. If so, on what theory can we indulge any presumptions against the defendant for its refusal to admit incompetent evidence?
I also think the evidence offered to prove the value of the plaintiff's services was incompetent and in violation of the rule we have laid down in the cases cited by my brother WERNER. What the plaintiff should have been permitted to prove and only what he should have been allowed to prove was the fair and reasonable salary of a man employed to do his work. This was the rule declared in Masterton v. Village of Mount Vernon (58 N.Y. 391. ) It is reiterated in Weir v. Union Ry. Co. (188 id. 416) and Gombert v. N.Y.C. H.R.R.R. Co. (195 id. 273), to wit: "The compensation usually paid to persons doing such business for others." Taking the view of the case most favorable to the respondent, what he was allowed to do was to fix most arbitrarily what part of his income he thought due to his services. Such a rule would open the door to evidence which in the cases referred to has been condemned. A banker in the receipt of a very large income from his business might think, and not wholly without reason, that, after allowing interest on his capital at a very liberal rate, the remainder of his income was due to his exceptional ability. This is a very different *Page 73 
thing from "the compensation usually paid to persons doing such business for others." True, the business before us is a comparatively small affair, but the principle involved is the same in the two cases.
VANN, WILLARD BARTLETT and CHASE, JJ., concur with WERNER, J.; GRAY and HAIGHT, JJ., concur with CULLEN, Ch. J.
Judgment affirmed.