this question, nor to discuss any of the other questions presented upon this appeal, having reached the conclusion that the judgment appealed from must, for the reasons stated, be reversed.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.

---

(14 Misc. Rep. 394.)

## WYNNE v. ATLANTIC AVE. R. CO.

(City Court of Brooklyn, General Term. November 25, 1895.)

1. COLLISION BETWEEN ELECTRIC AND HORSE CARS—NEGLIGENCE.

Negligence is shown where an electric car, coming on the same track behind a horse car, ran into the horse car when it stopped at a street crossing, the motorman of the electric car having admitted that he saw the horse car slowing up gradually when it was 50 feet ahead of him, and that he did not put on his brakes till he was within 20 or 22 feet of it, and that then, because the rails were slippery, he was unable to stop his car, so as to avoid a collision.

2. PERSONAL INJURIES—DAMAGES FOR LOSS OF TIME—EVIDENCE.

One injured by the negligence of another can recover for loss of time on proof of his business, its extent, the particular part transacted by him, and the compensation paid to persons doing such business for another.

3. SAME—EXCESSIVE DAMAGES.

A verdict of $3,200 will not be held excessive where one whose time was worth $4 or $5 a day had a rib broken, causing a bloody tumor, pleurisy, and adhesion of the lung to the wall of the chest at the point of the pleurisy, on account of which for a year he suffered pain, and was unable to work, at the end of which time the tumor existed, with probabilities that there would always be trouble at the point of adhesion of the lung.

Appeal from trial term.

Action by Terence F. Wynne against the Atlantic Avenue Railroad Company for personal injuries. From a judgment entered on a verdict for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before OSBORNE and VAN WYCK, JJ.

Morris & Whitehouse, for appellant.

Chas. J. Patterson, for respondent.

OSBORNE, J. Plaintiff brought this action to recover damages for injuries alleged to have been sustained by the negligence of defendant. It appears from the evidence that, on the afternoon of October 6, 1893, plaintiff was a passenger on a horse car of the Brooklyn Heights Railroad Company proceeding along Atlantic avenue; that the car stopped near Clinton street to permit some passenger to alight, and, before it started up again, a trolley car of the appellant, coming on the same track from behind, crashed into the rear of the horse car with force sufficient to make a hole in the rear dashboard of the horse car; that the shock of the collision threw plaintiff from his seat against the seat on the opposite side of the car, causing the injuries complained of. Plaintiff had a verdict of $3,200, and this appeal is taken from the judgment entered thereon and the order denying the motion for a new trial.

The learned counsel for the appellant contends that the motion to dismiss the complaint should have been granted for failure of proof of negligence on the part of defendant.   We think there was ample proof on which to submit to the jury the question of defendant's negligence.   The motorman of defendant's car admits that he saw the horse car slowing up gradually when it was about 50 feet ahead of him, but that he did not put on his brakes until his car was within 20 or 22 feet of the horse car, and that then he was unable to stop his car in time to avoid a collision in consequence of the rails being slippery.   We think that it was clearly the duty of the. motorman, on seeing the horse car ahead of him, to have. so managed and controlled the speed of his own car as to prevent a collision.   Here was no sudden emergency presenting itself, for the motorman knew, or ought to have known, that the car in front of him was liable to stop at any time to permit passengers to get on or off, and we think that it was his plain duty to maintain such a distance from the preceding car, or to so reduce the speed of his own car, that he could stop it in time to prevent a collision.

The learned trial judge charged the jury that it might compensate plaintiff, in case of a verdict in his favor, "for the loss of the value of his time," to which exception was taken.   The learned trial judge was also asked to. charge that there was no evidence upon which a jury could base an estimate as to the value of plaintiff's time, and also that no verdict could be rendered on the basis of four or five dollars a day while plaintiff was away from his business, and exceptions were taken to the refusal so to charge.   No one of those exceptions is tenable.   Plaintiff claimed, in his complaint, as an element of damage, that he "was prevented and will be prevented from attending to his business for a long space of time."   He testified that he had been in the junk business for 25 years, and for 16 or 17 years of that time at the place where his store was at the time of the accident; that he bought and sold goods, worked himself, kept books, and everything; that his purchases and sales were from $300 to $400 daily; that he employed five persons in his business; that, for two months after the accident, he was only able to call at his store and then return home, and some days he was unable to go at all; that he was not able to carry on his business himself, and that he was not able to do any active work up to September of the following year; that he attended to business until February, and then the business stopped; that "before he was hurt, he used to buy and sell, or drive the truck sometimes, and go and collect bills,—drove the truck with the goods sometimes, took part in the lifting and loading of the goods, and was not able to do anything in that line after the injury."   A witness called on behalf of the plaintiff, who had been in the business for over 40 years, testified that men were hired to manage a business as extensive as that of plaintiff, and that a man who had the necessary capacity to conduct such a business as plaintiff's was worth four to five dollars a day. In Masterton v. Village of Mount Vernon, 58 N. Y. 396, the court says:

"The plaintiff had the right to prove the business in which he was engaged, its extent, and the particular part transacted by him, and, if he could, the compensation usually paid to persons doing such business for others. These are circumstances the jury have a right to consider in fixing the value of his time."

These are precisely the elements which the plaintiff proved, and we think that, from these elements, the jury had a right to estimate the value of plaintiff's loss of time, and there being evidence that the value of such service as this plaintiff rendered was worth from four to five dollars a day, the court was right in declining to charge the jury that no verdict could be rendered on that basis. The cases cited by the learned counsel for the appellant go no further than to hold that, in the absence of evidence, the jury cannot be permitted to speculate as to the value of loss of time.

Nor can we say that the verdict is excessive. The evidence of the plaintiff showed that, when thrown against the opposite side of the car by the shock of the collision, one of his ribs was broken. That he was compelled to go home and go to bed. He started to go to his shop next day and was obliged to return. Was confined to his bed for two or three days, suffering all the time from pain in his side and limbs and feet, then went to the doctor's and was prescribed for, and for two months after that he was only able to call at his store, and then had to return home again and go to bed. The fracture developed a bloody tumor about two and a half inches wide and four or five inches long, and also pleurisy, and from the date of the injury, October 6, 1893, up to September, 1894, he suffered pain and was not able to do anything. That he cannot use his left side as well as he used to, and is unable to lift any heavy weight with his left hand. Plaintiff was corroborated as to his injuries by his physician, who also testified that it takes three or four weeks for a fracture of the rib to unite; that he had examined plaintiff a week or ten days previous to the trial (March 5, 1895), and that there was still a tumor visible over the place of fracture, and also some adhesion of the lung to the wall of the chest where the pleurisy had occurred, and that such adhesion interfered with the action of the lung in that particular spot, and that drawing long breaths or lifting heavy weights would cause pain, and that, in the doctor's opinion, there will always be some trouble at that spot. Taking into consideration the sufferings of the plaintiff, their long duration, his incapacity for hard labor, and the present existence of the tumor and the adhesion, coupled with the loss of the value of the plaintiff's time, as hereinbefore mentioned, we are of the opinion that we are not called upon to interfere with the verdict.

For the reasons above stated, the judgment and order appealed from must be affirmed, with costs.

VAN WYCK, J., concurs.