THE NORTHERN OHIO TRACTION & LIGHT CO. v. LoSCHIAVO.

*Negligence—Measure of damages—Evidence—Earning capacity of plaintiff—Profits derived from business.*

In an action for damages for personal injuries caused by defendant's negligence, the introduction of testimony that plaintiff managed and contributed his personal services to his business, that from the earnings derived from the capital invested in the business, and the labor of employes, together with his own services, he earned from the business a certain sum per day, as proof of plaintiff's earning capacity, is prejudicial error.

(Decided April 18, 1921.)

ERROR: Court of Appeals for Cuyahoga county.

*Messrs. Mather & Nesbitt* and *Mr. P. L. A. Lieghley,* attorneys for plaintiff in error.
*Mr. S. V. McMahon* and *Mr. F. W. Zimmerman,* for defendant in error.

CUSHING, J. This proceeding in error is prosecuted to reverse the judgment of the court of common pleas of Cuyahoga county.

Prior to May, 1917, Frank LoSchiavo was engaged in the fruit and trucking business in the city of Cleveland. On May 21, 1917, LoSchiavo, with a truck driver employed by him, had taken a load of produce to the city of Akron. At a point on North Howard street, about 100 feet south of Cuyahoga Falls avenue, the truck stopped, and at the time occupied a diagonal position upon the street. The rear of the truck was within a few feet of the street railway tracks. LoSchiavo was on the

driver's seat. An interurban car of the Northern Ohio Traction & Light Company rounded the curve at Cuyahoga Falls and North Howard and collided with the truck. LoSchiavo was severely injured.

At the trial he recovered a judgment in the sum of $25,000.

The principal errors assigned are the admission of certain evidence and the charge of the court. It is conceded that if the evidence complained of was properly admitted the charge was correct. LoSchiavo, without objection, was permitted to testify in detail as to the nature and extent of his business, and the time he gave in its conduct. He was then interrogated as to the amount of capital he had invested in the business, and the earnings from that business. Over objection of plaintiff in error, he testified as follows:

"Q. Now, then, Frank, what capital had you invested in your business?

"A. About $4,800 to $5,000.

"Q. Did that include both your trucks?

"A. That is what I had, the money cash in it.

"Q. Now, Frank, will you tell the jury, as nearly as you can, what was the average income of your business per day from February, 1917, up until the 21st of May, 1917?

"A. About $85 per day.

"Q. $85 per day. Now in that $85 per day, Frank, what did you pay out in the way of expenses, including all expenses, and also taking into consideration depreciation of the vehicle and equipment you had?

"A. About $35 a day."

A person not employed, but conducting a business of his own, may testify to the nature and ex-

tent of his business to enable the jury to arrive at his earning capacity. Profits from capital invested in a business may not be considered in arriving at a measure of damage in personal injury cases.

In states other than Ohio courts differ as to whether or not the profits derived from the business may be considered by the jury to guide them in the exercise of the discretion vested in them to ascertain the extent of earning capacity. It has been held that the jury may consider the return from capital invested and the labor of others and the net income from the business in determining the amount of damages to which the claimant is entitled where the predominating factor is the directing intellectual and physical labor of the individual. *Baxter* v. *Philadelphia & Reading Ry. Co.*, 264 Pa. St., 467.

Counsel for defendant in error cite several cases in support of their contention that earnings of a business may be considered by the jury in determining the earning capacity of plaintiff. In *Heer* v. *Warren-Scharf Asphalt Paving Co.*, 118 Wis., 57, it was held that the earnings of a business, of which complainant was owner, were admissible to show the amount of service, the grade of service, and the earning capacity of plaintiff. In *Mitchell* v. *Chicago, R. I. & Pac. Ry. Co.*, 138 Ia., 283, evidence of the amount invested in the business, the increase in the amount he had accumulated while engaged in the business, and the net amount he earned annually from conducting the same, were held to be properly admitted in evidence. The case of *New Jersey Express Co.* v. *Nichols*, 33 N. J. L., 434, is also to the same effect.

A somewhat different rule has been stated in the

United States courts, and in some cases in the state courts. For instance, in *Chicago, R. I. & P. Ry. Co.* v. *Hale,* 186 Fed. Rep., 626, it was held that profits of a business enterprise combining capital and labor do not constitute a legitimate basis for estimating the earning power of one personally contributing the element of labor, where he has been injured.

In *Gilmore* v. *Philadelphia Rapid Transit Co.,* 253 Pa., 543, it was held that profits derived from the management of a business, which are net earnings, cannot be made use of as a measure of his earning power.

The better rule is that one injured by the negligence of another can recover for loss of time, or earning capacity, on proof of his business, its extent, the particular part transacted by him, and the compensation paid to persons doing such business for another. *Wynne* v. *Atlantic Ave. R. Co.,* 35 N. Y. Supp., 1034.

Briefly stated the testimony complained of in this case was that LoSchiavo managed and contributed his personal services and ability to the business, and through that service, together with his investment of $5,000 in the business, and the labor of others, he earned from the business $50 per day. The record also discloses that part of that amount was earned by the small truck doing contract work, hauling by the day or load for Haas Brothers.

The introduction of illegal evidence by the prevailing party will not, of itself, in all cases, compel a reversal of a judgment. The importance of the introduction of the evidence complained of in this case, however, cannot be overlooked. In an action for damages, testimony of the daily earnings of

two trucks, combining capital in the sum of $5,000 with the personal earnings of plaintiff and the employment of a number of men, improperly admitted under the rule we have stated, must be held prejudicial error. The showing of a profit of $50 per day from such a business must have affected the verdict.

The judgment of the court below will be reversed, and the cause remanded for a new trial.

*Judgment reversed, and cause remanded.*

HAMILTON, P. J., and BUCHWALTER, J., concur.

Judges of the First Appellate District, sitting in place of Judges WASHBURN, VICKERY and INGERSOLL of the Eighth Appellate District.