(31 Misc. Rep. 472.)

## SWEENY v. UNION RY. CO.

(Supreme Court, Appellate Term.   May 1, 1900.)

1. STREET RAILROADS—INJURIES TO WIFE—DAMAGES—MEDICAL ATTENDANCE—EVIDENCE.

In an action by a married woman for injuries, where it appears that she is living with her husband, and is not possessed of any private means or engaged in any separate business, evidence of the physician who attended her as to what his services were worth and what he was paid was incompetent.

2. SAME.

In an action by a married woman for injuries, it was error to permit a physician to testify to plaintiff's physical condition as he found it two years after the injury, where it appears that the physician who attended her at the time of the injury did not discover the condition subsequently found to exist, and it further appears that she had, since the injury, given birth to two children, and that the condition found to exist on the second examination might have been caused by either of the intervening confinements.

Appeal from city court of New York, general term.

Action by Fannie C. Sweeny against the Union Railway Company. From a judgment of the general term of the New York city court (62 N. Y. Supp. 1034) affirming a judgment of the trial term in favor of plaintiff, defendant appeals.   Reversed.

Argued before TRUAX, P. J., and DUGRO and SCOTT, JJ.

John R. Halsey, for appellant.
Eugene H. Pomeroy, for respondent.

PER CURIAM. This is an action for damages for injuries alleged to have been caused by the defendant's negligence. The plaintiff is a married woman, living with her husband, and, so far as appears, not possessed of any private means or engaged in any separate business. One of her witnesses was the physician who attended her after her accident, who was permitted to testify, against the defendant's objection and exception, as to the value of his services, and the amount he was paid. This evidence was clearly incompetent.  Becker v. Railway Co., 35 App. Div. 46, 54 N. Y. Supp. 395.  A second physician was called, and permitted to testify as to the physical condition of the plaintiff on a date more than two years after the accident.   In the meantime she had given birth to two children.   The first physician who had attended her found no internal injuries whatever.   The second was permitted to testify, against the defendant's objection, as to certain internal injuries to the genital organs, which were wholly unconnected, so far as the evidence showed, with the accident two years before, but which might naturally have resulted from one or the other of the two intervening confinements.   Such evidence had no place in the case, and must be presumed to have influenced the jury in finding the very liberal verdict which they rendered.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.