### KIMMEL v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term. March 24, 1904.)

1. ACTION FOR PERSONAL INJURY BY MARRIED WOMAN—EXTENT OF RECOVERY—EVIDENCE—ADMISSIBILITY.

A married woman living with her husband can recover in an action by her for personal injury only for the pain and suffering endured, rendering inadmissible evidence of the value of the medical services rendered to her by reason of the injury.

Appeal from Municipal Court, Borough of Manhattan.

¶ 1. See Husband and Wife, vol. 26, Cent. Dig. § 768.

Action by Frida Kimmel against the Interurban Street Railway Company. From a judgment for plaintiff, defendant appeals. Modified.

Argued before FREEDMAN, P. J., and SCOTT and BLANCHARD, JJ.

Henry W. Goddard and William E. Weaver, for appellant.
Jacob Stone Freedman, for respondent.

BLANCHARD, J. The plaintiff, a married woman, brought this action against the defendant to recover damages for personal injuries, and recovered a judgment in the sum of $249, besides costs, amounting to the sum of $269. The pleadings were oral, the complaint asking damages for personal injuries, and the answer was a general denial. On demand a bill of particulars was served by the plaintiff, and in that she set forth the items of damages as follows:

| | |
|---|---:|
| Doctor's expense | $ 20 |
| Medicine | 5 |
| Clothes worn by the plaintiff and being torn | 15 |
| Pain and suffering | 209 |
| Total | $249 |

The testimony offered on the part of the plaintiff established a cause of action. The defendant offered no testimony whatever. The plaintiff, being a married woman, and living with her husband, was entitled to recover only for the pain and suffering she had endured. Becker v. Albany Railway, 35 App. Div. 46, 54 N. Y. Supp. 395. The evidence of the doctor as to the value of his services was clearly incompetent under the case above cited. See, also, Sweeney v. Union Railway Company, 31 Misc. Rep. 472, 64 N. Y. Supp. 453, decided by this court. There is no evidence as to the amount paid for medicine, nor is there any as to the value of the clothes worn by the plaintiff at the time of the accident, which she claims in her bill of particulars were torn.

The judgment must therefore be reduced to the sum of $209, and, as so reduced, affirmed, without costs of this appeal. All concur.