CATHARINE JENNINGS, Respondent, *against* HENRY VAN SCHAICK, Appellant.

(Decided May 22nd, 1884).

Upon trial of an action for damages for personal injuries, it appeared that plaintiff had suffered pain therefrom for several weeks, had felt twinges for several months, and might feel them in the future, as there was a chronic inflammation of the knee joint; but no bones were broken and no limb rendered permanently useless; the capacity of plaintiff to pursue her trade had not been seriously impaired, and there was but little reason to believe that her power of locomotion would be permanently impaired. *Held*, it not being a case for vindictive damages, that a verdict for plaintiff for $10,000, the interest upon which sum would equal plaintiff's entire earnings at her trade, was excessive, and the judgment entered upon the verdict should be reversed.

APPEAL from a judgment of this court entered upon the verdict of a jury, and from an order denying a motion for a new trial.

*William A. Beach* and *A. H. Stoiber*, for appellant.

*Jeroloman & Arrowsmith*, for respondent.

VAN HOESEN, J.—The damages are excessive; and I have never before seen a case in which a jury has given so large a verdict for so small an injury. No bones were broken, no limb was rendered permanently useless, the capacity of the plaintiff to pursue her trade has not been

Jennings *v.* Van Schaick.

seriously impaired, if impaired at all, and the plaintiff, though her knee was injured, is able to walk for pleasure as well as on business; and yet the jury awarded to her damages to the amount of ten thousand dollars. She suffered pain for several weeks; she felt twinges for several months; and it is possible that at certain periods she may hereafter feel them; but the only sequel of the injury now perceptible is what is called a chronic inflammation of the right knee joint. Dr. Phelps, one of the plaintiff's witnesses, says that he cannot say whether or not it will be permanent. Dr. Bancker, another witness for the plaintiff, is of opinion that the inflammation will be permanent, and that its effects will be seen in a predisposition of the plaintiff to rheumatic pains in the joint in wet, damp or cold weather, though he says that disability to use the limb is not necessarily a consequence of inflammation of the knee joint. There is, therefore, but little reason to believe that the plaintiff's power of locomotion will be permanently impaired.

This is no case for vindictive damages; but, nevertheless, unless the jury intended to give smart money, it is difficult to see why the verdict was so large. It may be said that the jury intended to give the plaintiff compensation for the agony she had undergone, and that as there is no standard by which to measure the recompense for human suffering, the court ought not to adjudge the damages excessive because it differs from the jury as to the amount that should be awarded. This observation is, to a certain extent, well founded, and unless the damages appear to have been swelled by the emotions of the jurors, emotions that ought not to have controlled their action, the court will not interfere. But there is no case in which the court has not the right to prevent a jury from being a law unto themselves. Even where damages rest in opinion only, it is the duty of the court to see that the opinion is a reasonable one. It is true that there is no infallible test of reasonableness in a verdict, but there are guides that the court may safely consult. Long observation of the action of juries in cases of personal injury, where a limb has not been lost, or the ca-

Jennings *v.* Van Schaick.

pacity to labor or to enjoy life has not been destroyed, affords a clue to the judgment of ordinary men as to the compensation that should be made for pain and suffering; and where a verdict is much above or much below the average, it is fair to infer, unless the case presents extraordinary features, that passion, partiality, prejudice, or some other improper motive has led the jury astray.

The verdict here is very large, and there is nothing in the case to explain why it should be so. If it be not excessive, almost every verdict that has been rendered in this court in actions for personal injuries has been shamefully inadequate. Though the plaintiff may still pursue her calling, and earn as much as ever, the jury have given her damages the interest upon which will yield her an income equal to her entire annual earnings at her trade. Even if she had been disabled, the damages ought not to have been large enough to afford her an income equal to her annual earnings, for she could have no right to expect such an income for life and to have in addition the capital from which the income is derived. As was said by Baron PARKE, in *Armsworth* v. *South Eastern R. Co.*, (11 Jur. 760): "It would be most unjust if, whenever an accident occurs, juries were to visit the unfortunate cause of it with the utmost amount which they think an equivalent for the mischief done. Scarcely any sum could compensate a laboring man for the loss of a limb, and yet you do not in such a case give him enough to maintain him for life."

The judgment should be reversed and a new trial ordered, on the payment of costs (1 Graham & Waterman on New Trials, marg. p. 603).

VAN BRUNT and J. F. DALY, JJ., concurred.

Judgment reversed and new trial ordered, on payment of costs.