### LOCKWOOD *v.* TWENTY-THIRD ST. RY. CO.

*(Common Pleas of New York City and County, General Term.* December 2, 1889.)

DAMAGES—WHEN EXCESSIVE.

> In awarding damages for personal injury, the best criterion is the average amount awarded for injuries of a like nature and extent; and, where the verdict largely exceeds this average, it will be set aside, unless plaintiff consents to its reduction.

Appeal from trial term.

Action of Angelena C. Lockwood against the Twenty-Third Street Railway Company for damages on account of personal injury.   Trial by jury, and verdict for plaintiff.   From the judgment entered on the verdict, and from an order denying a motion for a new trial, defendant appeals.

Argued before LARREMORE, C. J., and VAN HOESEN, J.

*Leslie W. Russell,* for appellant.   *Arnoux, Ritch & Woodford,* for respondent.

VAN HOESEN, J.   In *Jennings* v. *Van Schaick*, 13 Daly, 7, this court said: "Where a verdict is much above or much below the average, it is fair to infer, unless the case presents extraordinary features, that partiality, prejudice, or some other improper motive has led the jury astray."   The verdict in this case is far above the average.   The plaintiff has recovered $10,000 for an injury to the sciatic nerve, and for an inflammation of a broad ligament that sustains the *uterus,* accompanied by obstinate constipation, the suppression of menstruation, and nervous prostration.   The plaintiff is 44 years of age, and at the time of the accident was almost 43,—near the period at which menstruation ceases, in obedience to a law of nature.   She had formerly had an inflammation of the ligament and of the *uterus,* but for three years prior to . the accident had not suffered from that ailment.   She was never a robust woman; but she is more feeble now than she was formerly, and she has suffered considerable pain, and a great deal of inconvenience.   She suffers when she walks, and she is not strong enough to do house-work.   These infirmities are all deplorable, but, compared with the verdicts that juries are in the habit of giving where the injuries are quite as severe as those of which the plaintiff complains, this verdict is inordinately large.   She is not entitled to recover for loss of time, or for medical attendance, because those are items of damage recoverable by her husband.   Her claim is for compensation for pain and suffering, and when that has been satisfied the demand of her husband must be met.   The consideration to which I have just referred ought not to influence our estimate of the recompense which the plaintiff herself ought to receive; but it may well be borne in mind that pain and suffering are the only elements of damage that the jury ought to have combined.   It is difficult to estimate the damages, and, as has already been said, the best attainable criterion of the reasonableness of a verdict is its conformity to the average amount awarded by juries in cases in which injuries of like nature and like extent have been sustained.   Judged by that standard, our experience and observation teach us that this verdict is not reasonable.   We shall set aside the verdict, and order a new trial, on the payment by the defendant of the costs of this appeal and of the last trial, unless the plaintiff will stipulate to reduce the damages to $4,000.