Andrew Morris, Respondent, *v.* The Eighth Avenue Railroad Company, Appellant.

*Street railway — personal injury to passenger — contributory negligence — section 53 of chapter 565 of 1890 — excessive damages.*

Where, in an action against a street railroad company to recover damages for a personal injury received in boarding a car, the plaintiff and several disinterested witnesses testify that the car was standing still when the plaintiff began to get on it, and the only testimony to the effect that the car was then in motion is given by the conductor and driver of the car, as witnesses for the defendant company, it cannot be said that a finding in favor of the plaintiff on that issue is contrary to the weight of evidence.

When, on the trial of such an action, an issue is raised as to whether the plaintiff was intoxicated at the time of the accident, evidence on the part of the defendant company offered to show that on some occasion during two years prior to the accident the plaintiff had been laid off from work for drinking (there being no offer to show that the plaintiff was a man of intemperate habits, or that he

had drunk too much on any particular occasion), is properly excluded as not sufficiently definite as to time or circumstance.

An instruction to the jury in such an action, that intoxication of the plaintiff at the time of the accident is of no consequence "unless it made him more careless," is not objectionable, when it is apparent from other parts of the charge that the jury could not have understood from the word "more" that the court intended to instruct them that the plaintiff might have been somewhat careless and still succeed in the action.

Section 53 of chapter 565 of the Laws of 1890 (the General Railroad Law), which provides that no railroad corporation shall be liable for any injury to any passenger while on the platform of a car, in violation of the printed regulations of the company, if applicable to street railways (which is not decided), does not apply to a case where a passenger injured on a street railway car was not voluntarily riding on the platform, but was simply using it as a means of entering the car, or where the question as to whether the car was crowded so that there was not accommodation for the passenger inside of it, was a disputed question of fact.

A verdict for $9,000 damages was rendered for the loss of a leg by a mason's tender, whose wages were two dollars a day when he was at work.

*Held,* that the verdict was excessive, and the judgment should be reversed unless the plaintiff stipulate to reduce the amount of the damages to $5,000 (O'Brien, J., dissenting).

Appeal by the defendant, the Eighth Avenue Railroad Company, from a judgment of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 7th day of October, 1892, in favor of the plaintiff, upon a verdict rendered at the New York Circuit, and from an order denying the defendant's motion for a new trial on the minutes, made and entered on the 5th day of October, 1892, in an action brought to recover damages for a personal injury.

Section 53 of chapter 565 of the Laws of 1890 (the Railroad Law, chapter XXXIX of the General Laws) contains the following provision : "No railroad corporation shall be liable for any injury to any passenger while on the platform of a car, or in any baggage, wood or freight car, in violation of the printed regulations of the corporation, posted up at the time in a conspicuous place inside of the passenger cars, then in the train, if there shall be at the time sufficient room for the proper accommodation of the passenger inside such passenger cars."

*John M. Scribner,* for the appellant.

*G. Washburne Smith* for the respondent.

FOLLETT, J.:

At about half past seven o'clock of Saturday evening, September 27, 1890, at the corner of Eighth avenue and Forty-first street, one of the defendant's cars passed over the plaintiff's right leg, crushing it near the ankle so. that amputation was necessary. The plaintiff alleged that he signaled the driver, that the car was stopped, and while he was entering by way of the front platform, the car was suddenly started and he was thrown under the wheel. At this time the car was moving south. The plaintiff left the east sidewalk of the avenue and attempted to board the car as it crossed Forty-first street.

But two questions of fact were litigated: (1) Was .the car in motion when the plaintiff attempted to board it? (2) Was the plaintiff intoxicated at the time of the accident?

The plaintiff, Fisher, Maloney and McDowell testified that the car was standing still when the plaintiff began to get on to it. Two of the defendant's witnesses so testified, Radley and McFaden. The only witnesses who testified that the car was moving when the plaintiff attempted to enter it, were the conductor and driver. Several of the witnesses, who testified that the car was not moving when the plaintiff began to get on to it, had no apparent interest in the result of the trial, or feeling for or against either litigant, and it cannot be said that this issue was found contrary to the weight of evidence. The plaintiff and four witnesses testified that he was not intoxicated at the time of the accident. Radley, a witness sworn for the defendant, testified that the plaintiff, in passing from the sidewalk to the car, walked unsteadily and appeared to be intoxicated. Giblin, a policeman, testified that the plaintiff acted like. a man under the influence of liquor. The car driver testified that "he might be slightly intoxicated, but then I could not rightly tell."

Opposed to this was the evidence of the four witnesses referred to, one of whom was a surgeon who examined the plaintiff, as he lay on the sidewalk, and the other three had better opportunities for knowing the condition of the plaintiff than the defendant's witnesses. Whether the plaintiff was, or was not, intoxicated was a question for the jury and its verdict should not be disturbed.

There was some dispute over the question whether the car was crowded upon the occasion. The defendant insists that it was not, and that it was negligent for the plaintiff to attempt to enter the car by the front platform. Defendant's conductor testified that ten seats were unoccupied, while on the other hand, Fisher swore that the car was very full, and McDowell, that it was so crowded people were standing between the seats. This issue was a fair question for the jury. In brief, every essential fact necessary to support the verdict was sufficiently established so that it cannot be set aside as against the weight of evidence. There was no error in the refusal of the court to dismiss the complaint when the plaintiff rested, or at the close of the evidence. The appellant insists that the court erred in refusing to permit the witness Delehanty to answer the following question: Q. "During the time of the plaintiff's employment by you, did you have occasion at any time to lay him off for drinking beer?" Objected to by plaintiff's counsel.

THE COURT.—" I think that is too remote."

DEFENDANT'S COUNSEL.— " I can't fix it on the day that the accident happened as I expected from this witness, but I propose to show that on more than one occasion, that he had been laid off by reason of his use of beer."

THE COURT.—" That might be quite true, and not touch this case. I exclude that." To this ruling the defendant excepted. The witness testified that the plaintiff had been in his employ for two years, and we think that the question was not sufficiently definite as to time or circumstance to make the refusal of the court to permit it to be answered, error. The defendant did not offer to show that the plaintiff was a man of intemperate habits, nor that he had drank too much on any particular occasion, near to, or remote from, the date of the accident. Upon the question of intoxication, the court charged, at the defendant's request, " If the jury believe from all of the evidence in this case that the plaintiff, at the time of his injury, was intoxicated, and if the jury believe that the plaintiff's intoxication caused or contributed to produce the injury received by him, then the plaintiff cannot recover, and the defendant is entitled to a verdict."

The plaintiff requested the court to charge: " That if the jury

find from the evidence that the plaintiff was intoxicated, that is a matter of no consequence, unless the jury further find that his intoxication contributed to the injury."

The Court.—" That is so ; the intoxication is of no consequence, unless it made him more careless." To this instruction the defendant excepted. It is conceded that if the word "more" had been omitted, the instruction would have been unexceptionable. We do not think that the jury could have understood from the word "more," that the court intended to instruct them that the plaintiff might have been somewhat careless, and still recover, for the jury had been instructed that any negligence of the plaintiff contributing to the injury would defeat a recovery, and that the burden was upon him to show that he was not negligent.

The appellant insists that the plaintiff cannot recover because he was riding on the platform of the car, in violation of the printed regulations posted on the car, pursuant to section 53, chapter 565, Laws of 1890. Assuming that this section is applicable to street railways, which we do not decide, the answer to the position is, that the plaintiff was not voluntarily riding on the platform, but was simply using it as a means of entering the car. Besides, the corporation is not exempted from damages for injuries received while riding on a platform, unless there is at the time sufficient room for the proper accommodation of the passengers inside the car. Whether this car was crowded or not, was a disputed question of fact.

The verdict in this case was for $9,000. The evidence shows that the plaintiff had been employed for two years as a mason's tender, receiving two dollars per day when he was able to secure work. The verdict at five per cent interest, represents an earning power of $450, considerably more, probably, than the plaintiff could have earned. He was entitled to be compensated for the pain and suffering which he endured, and for his diminished ability to earn money in the future. The interest on the verdict indemnifies the plaintiff for his diminished earning power, and the principal sum is in addition. This, we think, is more than compensatory damages, and that a verdict of $5,000 is all that the evidence warrants.

The judgment and order are reversed, and a new trial granted, with costs to abide the event, unless the plaintiff stipulates within twenty days after the entry of the order to reduce the amount of the

damages to $5,000, in which event the judgment, as modified, and the order are affirmed, without costs to either party.

Van Brunt, P. J., concurred.

O'Brien, J. I concur in all but the conclusion. The facts warrant a recovery for the amount awarded by the jury, and I think the judgment should be affirmed.

Judgment and order modified, as directed in opinion, and as modified, affirmed, without costs to either party.