claim is over 15 years old, and although, for periods aggregating the greater part of that time, the defendant resided in New Jersey, he proved seven years' residence in this state    This is exclusive of the time in which he lived in New Jersey, and came every day to business in New York, so that we need not consider any questions with regard to that period.    Conceding, as appellant contends, that coming to this city every day from another state to business did not constitute residence here, his period of unquestioned actual residence in New York, deducting his absences, filled the statutory time of six years from the time the debt accrued.    The chief point made by appellant is that the return of defendant to this state, after his residence out of it, was not open and notorious, so that the plaintiff could know of his return, or with due diligence could have ascertained it, and served process upon him.    Cole v. Jessup, 10 N. Y. 96; Ford v. Babcock, 2 Sandf. 518; Palmer v. Bennett, 83 Hun, 222, 31 N. Y. Supp. 567.    There is no proof, nor even suggestion, that the defendant's return to this state was clandestine, or that he kept himself concealed, or his whereabouts secret, while here.    He was employed as a dentist's assistant, and did not have a sign out, nor put his name in the directory.    It is not to be assumed that it is customary for dentist's assistants to display signs, and a debtor is not required to see that his name is in the city directory, on peril of being held to have concealed his return.    If he had permission to put out a sign, and declined it, and if his name had been applied for to put in the directory, and he refused it, ground for the charge might be made, but the proof does not go so far.    It would seem that with a little exertion the plaintiff could have kept advised of defendant's whereabouts from time to time, since he knew where defendant resided in New Jersey when he first left this state.

Judgment affirmed, with costs.    All concur.

_____

(18 App. Div. 185.)

THOMAS v. UNION RY. CO. OF NEW YORK CITY.

(Supreme Court, Appellate Division, Second Department.    June 8, 1897.)

1. TRIAL—INSTRUCTIONS—CREDIBILITY OF WITNESSES.
    The court charged that, if the jury found that any witness was interested in the result of the action, they would give that fact such weight as they thought proper in determining the weight to be given to his evidence. Plaintiff's counsel then said, "That applies as well to the witnesses for the defendant as for the plaintiff," to which the court replied, "Yes; I say to all the witnesses." Held, that such reply of the court was not subject to the objection that it allowed the jury to find that all defendant's witnesses were interested.

2. SAME—OBJECTION TO INSTRUCTIONS—MODE OF RAISING.
    An objection that an instruction may be misconstrued by the jury cannot be raised by merely excepting to it, but the attention of the court must be called to the point, and a request made that the instruction be so limited as to prevent any danger of mistake.

3. DAMAGES—LOSS OF EARNINGS.
    Where the business of a firm of which plaintiff was a member employed merely the personal services of the members, and the earnings did not arise from the use of capital, plaintiff may show the extent to which the injuries sued for impaired his ability to perform such services.

**4. SAME—EXCESSIVE DAMAGES.**
    A verdict for $7,500, for personal injuries, will not be set aside on appeal as excessive, where plaintiff's leg was broken, resulting in the shortening of the leg and the impairment of its use; so that plaintiff was less able to work in his business, in which he had been earning $60 per month.

Appeal from trial term, Kings county.

Action by John R. Thomas against the Union Railway Company of New York City for personal injuries. From a judgment for $7,500 damages and $165.07 costs, entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, made on the minutes of the court, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Nathan Ottinger, for appellant.

Isaac M. Kapper, for respondent.

CULLEN, J. This action is to recover damages for injuries sustained by the plaintiff from having his leg caught and broken between the steps of two cars on the defendant's road. The case presents no substantial questions but those of fact. The accident to the plaintiff and his injury were not disputed. The defendant's tracks were on the easterly side of 3d avenue, south of 130th street. At the intersection of 130th street the road turns into that street by a sharp curve to the west. Before the intersection of 130th street is reached, the tracks on 3d avenue curve slightly to the west. The tracks were probably located in this position so as to render the curve at 130th street easier and less sharp. This results in a short and slight reverse curve on 3d avenue. The stand for the cars is on 3d avenue, at or below the reverse curve. The plaintiff's story was that he entered an open car at rest on the stand, seating himself on the west or left hand side of the car; that he struck his hat against the stanchion, knocking it off; and that it fell between the track on which stood the car in which he was sitting and the track to the west, on which an incoming car would move; that he alighted from the car, went around the rear of it, and picked up his hat; that at this time he saw no car approaching on the incoming track; that then, as he turned, he heard a car coming, which proceeded with such rapidity as to overtake him, and pinion his left leg between the steps of the two cars, breaking it. In this story he was corroborated by the testimony of a witness, who claims to have seen the accident. The story of the defendant's employés was that the plaintiff lost his hat after the car in which he was riding started forward; that he got down from the car, on the west side, to regain it, and, while so doing, was caught between the steps of the car on which he was riding and those of a car on the other track, which at the time was stationary. This statement was supported by the testimony of two witnesses, the motorman and conductor of defendant's car. Further claim was made that the plaintiff at the time was intoxicated. This was testified to by the two witnesses mentioned, also by a policeman and a physician, who was called in at the immediate time of the occurrence. The plaintiff, a bystander,

and the physicians at the hospital to which he was at once taken testified to the contrary, that the plaintiff was sober. The case was left to the jury under an extremely fair charge, to which the defendant took but one exception.

This brief narration of the occurrence shows that the case presented a clear question of fact. If the jury believed the plaintiff's story, it was certainly permissible that they should find the plaintiff free from negligence, and the defendant at fault. The plaintiff had the right to seek to recover his hat. If, at the time, he looked, and saw no car approaching, the view of the approaching car being cut off by the turn at 130th street and the presence of the cars on the stand, he was not guilty of negligence, or at least the jury might properly so find. At the same time, the jury might find, if the motorman on the incoming car had exercised proper care, he would have discovered the presence of the plaintiff on the track, and avoided running him down. On the other hand, if the jury believed the defendant's story, plainly it was no wise at fault, and there could be no recovery, and so the trial judge charged. The eyewitnesses to the occurrence on the respective sides are equal in number,—two for the plaintiff, two for the defendant. The counsel for the defendant has on this appeal argued, with great elaboration and ingenuity, to show from mathematical calculations, resulting from the position of the curve and the overhang of the cars, that it is much more probable that the accident happened in the manner claimed by the defendant than in that testified to by the plaintiff. We do not wholly deny the force of this argument, but, after all, it was one properly to be addressed to and considered by the jury. The matter is not susceptible of so clear a demonstration as to justify this court in saying that the verdict of the jury was against the weight of the evidence.

Two minor objections to this recovery are raised by appellant's counsel. The court charged that, if the jury found any witness was interested in the result of the action, they would give that fact such weight as they thought proper in determining the weight that should be given to his evidence. The plaintiff's counsel then said, "That applies as well to the witnesses for the defendant as for the plaintiff," to which the court responded, "Yes; I say to all the witnesses." To this the defendant excepted. The criticism that is now made on this instruction is that it allowed the jury to find that any or all the witnesses for the defendant were interested in the action. We think it is subject to no such construction. When the court said, "Yes; I say to all the witnesses," it did not mean to assert that all the witnesses were interested, but that the instruction applied to all the interested witnesses, whether on the plaintiff's side or on that of the defendant. I think no one could misunderstand the meaning of the trial court. If, however, it was susceptible to misconstruction, it was not sufficient for the defendant merely to except to the court's remark. It should have called the attention of the judge directly to the point, and have asked the court to limit its charge in such a way as to prevent the possible danger of its misconstruction.

We think the evidence of the plaintiff's earnings was properly admitted. The occupation in which he was engaged, in partnership with his father and brother, simply employed the personal services of the parties. Its earnings in no way proceeded from the use of capital, nor were subject to the hazard of business ventures. The evidence tended to show that the plaintiff, in his services as a gauger, had been making about $60 a month; that in that employment it was necessary for him to move casks and barrels; that the shortening of his leg and impairment of its use, as the result of this accident, would affect him in his calling as a gauger, and render him less able to work. The recovery in this case has been very large, much larger than we should have given for the injury, but compared with other recoveries which we have allowed to pass, we cannot say that it is so great as to justify our interference.

The judgment and order appealed from should be affirmed, with costs. All concur.