MARTHA ELIZABETH BECKER, Respondent, *v.* THE ALBANY RAILWAY, Appellant.

*Negligence — damages recoverable by a married woman for personal injuries — when a verdict for $10,000 is excessive.*

In an action to recover damages for injuries sustained by the plaintiff, a married woman, in consequence of the negligence of the defendant, she is not entitled to recover damages for a loss of earnings, and for expenses of sickness and for medical attendance; and where her injuries are not shown to be permanent, and there is no satisfactory evidence as to how long she will probably continue to suffer therefrom, a verdict in her favor for $10,000 is excessive.

APPEAL by the defendant, The Albany Railway, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Albany on the 23d day of April, 1898, upon the verdict of a jury for $10,000 ; also from an order entered in said clerk's office on the 26th day of April, 1898, denying the defendant's motion for a new trial made upon the minutes, and also from an order entered in said clerk's office on the 23d day of April, 1898, granting the plaintiff an extra allowance of $200.

*Simon W. Rosendale*, for the appellant.

*Mark Cohn*, for the respondent.

PUTNAM, J. :

After an examination of the evidence in this case, we reach the conclusion that it was sufficient to authorize the jury to find that the injury to the plaintiff, to recover damages for which this action was brought, occurred in consequence of the negligence of the defendant ; that the plaintiff was free from contributory negligence, and that the various exceptions taken by defendant to rulings of the trial judge to his charge, or refusals to charge, do not require us to grant a new trial.   But we are of the opinion that the defendant's motion for a new trial, on the ground that the verdict rendered by the jury was for excessive damages, should have been granted.

The plaintiff, who was a married woman, was not entitled to recover for the loss of earnings, for medical attendance or the expenses of her sickness.   She was only entitled to damages for the pain and suffering she had endured, and for that which it was reasonably certain she would endure in the future.   The trial occurred about nineteen months after the injury was received, and the plaintiff testified that during that period she had endured much pain and suffering.   The evidence also authorized the jury to find that the injury sustained by the plaintiff resulted in a disease of the nervous system known as neurasthenia.   On the question as to how long the plaintiff's condition would continue, Dr. Boice said, in answer to the question, " Can you say with reasonable certainty as to how long the plaintiff will continue to suffer from the injuries that she has sustained ?   *   *   *   A. I couldn't say ; I couldn't

answer that question; * * * I couldn't say definitely; might be a full and complete recovery, possibly in a short time, and might not; it is impossible to determine that fact; my opinion wouldn't be within a week; within a reasonably short time; I couldn't tell." Dr. McDonald, speaking of those suffering from neurasthenia, said: "I have known them to get well in a year, and then I have known them to last on an interminable time; then six or seven years, and stretch up to about six years; I would say the majority of them get well in about that time; I know of a case where there hasn't been a complete recovery in six years; some go on for all time; they are going on yet; in one to six years a majority get well, but a number do not." Dr. Ward's opinion was as follows: "I think the chances for recovery are very good. Q. What is your opinion as to the likelihood of her full and complete recovery? A. I don't think any one could fix a date; I should think any time between three months and three years after this matter is settled and she has got it off her mind, she might get well." Dr. Wiltsie testified as follows: Q. "What do you say as to whether Mrs. Becker's injuries are permanent or not? A. I should say the chances were they were not. Q. You mean by that that in your opinion they are not permanent? A. Yes, sir. Q. That is your opinion? A. That is my opinion. Q. What do you say as to the likelihood of her recovery? A. I think her chances to recover are very good. Q. As to the time what can you say? A. In most of those cases, they recover from one to three years; those are the statistics given by Dana and specialists on nervous diseases."

It will be seen that neither of the physicians testified that the injury received by the plaintiff would be permanent, or expressed an opinion as to how long she will suffer therefrom, although testifying that those suffering from neurasthenia, in a majority of cases, recover in from one to six years.

The jury was, therefore, authorized to find that the plaintiff, in consequence of the negligence of the defendant, had received an injury that had caused her pain and suffering for the period of nineteen months, and that she would continue in the same condition for some undetermined time in the future.

In such a case, the plaintiff not being entitled to recover damages for a loss of earnings, and for expenses of sickness and for medical

attendance, her injuries resulting from the defendant's negligence not appearing to be permanent and there being no satisfactory evidence as to how long she would probably continue to suffer therefrom, we are of opinion that the amount awarded by the jury was excessive. We doubt whether, in any well-considered authority, such a recovery under such circumstances, has been approved. Even in those cases where damages were sought to be recovered for permanent injuries, unless extraordinary or peculiar ones, a verdict for such an amount as was rendered by the jury in this case has seldom been sustained.

In *Morris* v. *Eighth Ave. R. R. Co.* (68 Hun, 39), where, owing to the negligence of the defendant, the plaintiff was injured and his leg amputated, a recovery was had for $9,000. This was reduced by the General Term of the first department to the sum of $5,000.

In *Vail* v. *Broadway R. R. Co. of Brooklyn* (31 Abb. N. C. 56) a verdict of $7,500 was sustained. In that case the injury for which a recovery was had was permanent and unusual, and the plaintiff was entitled to recover for loss of earnings and for medical and other expenses.

In *Thomas* v. *Union Ry. Co.* (18 App. Div. 185) a recovery of $7,500 was suffered to stand. In consequence of the injury received by the plaintiff his leg was shortened. He was entitled to recover for loss of earnings, and the accident permanently affected his earning capacity.

In *Coppins* v. *N. Y. C. & H. R. R. R. Co.* (48 Hun, 292) the plaintiff recovered a judgment of $13,500. In consequence of the injury received his leg was shortened, and he was compelled to pay $750 for medical attendance. The recovery was reduced by the General Term of the fourth department to the sum of $7,000. The opinion of HARDIN, J. (pp. 300–303), contains a review of several authorities bearing on the question as to the amount of damages that should be awarded in such cases.

In *Murray* v. *The Hudson River R. R. Co.* (47 Barb. 196), cited by HARDIN, J., in his opinion in the case last cited, where the plaintiff lost his hand as a result of the injury for which the action was brought, a judgment was obtained for $8,000. This was reduced by the General Term to $6,000.

In *Jennings* v. *Van Schaick* (13 Daly, 7) a recovery for $10,000 was set aside as excessive. One of the physicians sworn on the trial of the case testified to the permanency of the injuries of the plaintiff for which she claimed damages. In the opinion in the case cited it was said : " Where a verdict is much above or much below the average it is fair to infer, unless the case presents extraordinary features, that passion, partiality, prejudice or some other improper motive has led the jury astray."

It will be observed in each case above cited that the injury was permanent or may have been found such by the jury, and loss of earnings and expenses for medical attendance was an element of damages awarded.

In view of the amount of damages in actions for personal injuries held allowable in the well-considered cases to which we have referred, where the injury was permanent and loss of earnings and expenses of medical attendance entered into the recovery, it is apparent, we think, that, in the case under consideration, the plaintiff, not being entitled to recover for a loss of earnings or for medical attendance, her injuries not being permanent, and there being no satisfactory evidence as to how long she will continue to suffer therefrom, the verdict of the jury awarding the plaintiff the sum of $10,000 was for much too large a sum.

The case of *Lockwood* v. *Twenty-third St. Ry. Co.* (7 N. Y. Supp. 663), in which the plaintiff brought an action to recover damages for personal injuries sustained by her in consequence of negligence on the part of the defendant, presents features somewhat similar to the one under consideration. The plaintiff in that case was a married woman and obtained a judgment against the defendant for $10,000 for an injury to the sciatic nerve and for inflammation of a broad ligament that sustains the uterus, accompanied by obstinate constipation, suppression of menstruation and nervous prostration. She suffered considerable pain and a great deal of inconvenience, suffered when she walked and was not strong enough to do work. The court in that case held that the verdict for $10,000 was not reasonable, and reversed the judgment, unless the plaintiff would stipulate to reduce the damages to $4,000.

The judgment and order should, therefore, be reversed, and a new trial granted, with costs to abide the event, unless the plaintiff stipu-

lates within twenty days after the entry of the order to reduce the amount of damages to the sum of $4,000, in which case, the judgment, as modified, and order are affirmed, without costs of the appeal to either party.

All concurred, except HERRICK, J., not sitting.

Judgment and order reversed and a new trial granted, with costs to abide the event, unless the plaintiff stipulates within twenty days from the entry of this order to reduce the verdict to $4,000, and if she so stipulate, the judgment as so modified affirmed, without costs to either party.