GUSTAV ZINGREBE, Respondent, *v.* UNION RAILWAY COMPANY OF NEW YORK CITY, Appellant.

*Action by a husband for the loss of his wife's services — evidence competent therein — his recovery is not affected by his wife's recovery for pain, etc.— acts and exclamations of the wife when examined by a physician.*

A husband, suing to recover damages for the loss of the services of his wife, occasioned by injuries sustained through the alleged negligence of the defendant, is entitled to place before the jury the ages of the parties, their conditions for the enjoyment of life before the happening of the accident, and the condition of the wife after she has suffered from the injury.

The right of the husband to recover is not affected by the fact that the wife may have previously recovered damages for the pain and suffering she has undergone.

Where a woman forty-eight years of age, the wife of a man forty-seven years of age, is injured so that she is not likely to contribute anything of importance to his aid, comfort or society, a verdict for $7,250 is not excessive.

A physician who made an examination of the wife, for the purpose of enabling him to testify on the trial, may describe the tests applied by him and the results which followed in the way of manifestations of pain, or the absence of sensation, in so far as his statements are confined to the acts and exclamations of the patient, and do not embrace statements made by the patient to the physician.

APPEAL by the defendant, the Union Railway Company of New York City, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 1st day of March, 1900, upon the verdict of a jury for $7,250, and also from an order entered in said clerk's office on the 2d day of April, 1900, denying the defendant's motion for a new trial made upon the minutes.

*Herbert R. Limburger* [*Henry L. Scheuerman* with him on the brief], for the appellant.

*Charles J. Patterson*, for the respondent.

WOODWARD, J.:

The plaintiff in this action has been awarded a judgment for $7,658.91 as damages for the loss of services of his wife, due to injuries received by the latter through the alleged negligence of the defendant and its servants in the operation of an electric power car on Third avenue in the borough of Manhattan. It is conceded on this appeal that there was sufficient evidence of the defendant's negligence, and of the lack of contributory negligence on the part of plaintiff's wife, to go to the jury, and the verdict is conceded to be conclusive upon these points, but it is urged that the verdict was grossly exorbitant, in that it was brought about by systematic appeals to the passions and prejudices of the jury; that evidence was improperly admitted, and that the court erred in its charge and its refusals to charge, and that improper remarks by plaintiff's counsel during the trial were of substantial prejudice to the defendant, for which the judgment should be reversed. Of course, if these propo-

sitions are supported by the record, the defendant is entitled to the intervention of this court.    We proceed, then, to the consideration of the points which are called to our attention by counsel.

The first point suggested is that the verdict is grossly excessive, and the rule as to the elements of damages in a case of this character, as laid down by the court in *Butler* v. *Manhattan R. Co.* (143 N. Y. 417), is called to the attention of the court, from which the appellant argues that the action is " thus peculiarly for pecuniary injury to the husband," and seeks to make the deduction that as the evidence disclosed merely the payment of a $300 doctor's bill, with an addition of $75 for medicines which had not yet been paid, " the total pecuniary loss claimed by plaintiff is, therefore, $375." Defendant's counsel appears to have overlooked the rule which he invokes, for it is clearly stated in the case relied upon that " the term service in actions of this character includes any pecuniary injury suffered by the husband from having been deprived of the aid, comfort and society of his wife, or which reasonably may be expected to result in the future, *including* charges and expenses incurred, or which he may be put to in consequence of the wrong." The charges and expenses are merely incidental, and to be included in the recovery for the loss of the " aid, comfort and society of his wife," which is the gravamen of the action.   When a man, in the exercise of his inalienable right to " life, liberty and the pursuit of happiness," takes a wife, he becomes possessed of a vested right to her aid, comfort and society, and while the value of these cannot be proved in terms of dollars and cents, they yet have a pecuniary value to the individual.   If these are wrongfully taken from the husband, through personal injuries to the wife, depriving her of the power to give aid, comfort and society, he is not to be denied a remedy because of the fact that it is impossible to show how many dollars of loss he will sustain by reason of the wrong. He has a right to place before the jury the ages of the parties, their conditions for the enjoyment of life before the happening of the accident, and the condition of the wife after she has suffered from the injury.   With these facts before them, the jury are to determine, in the light of their common experience, what is just and equitable in the premises, and the right of the husband to recover is not affected by the fact that the wife may have previously

recovered for the pain and suffering which she has undergone. (*Jones* v. *Utica & Black River R. R. Co.*, 40 Hun, 349; *Ainley* v. *Manhattan Railway Co.*, 47 id. 206, 209.) The question presented in such a case is one peculiarly for the jury; it involves the drawing of inferences from established facts, in which the common experiences of men are to become the guides, and the mere fact that the jury may have reached a verdict in excess of that which this court might have reached under the same circumstances does not warrant us in disturbing the judgment. It must appear that the verdict is so excessive that it would not have been reached by reasonable men, except under the influence of passion, prejudice or other improper motives, in order to support a reversal upon this ground. (*Cannon* v. *Brooklyn City R. R. Co.*, 14 Misc. Rep. 400; *Thomas* v. *Union Railway Co.*, 18 App. Div. 185, 189.) In *Jennings* v. *Van Schaick* (13 Daly, 7), cited with approval in *Becker* v. *Albany Railway* (35 App. Div. 46, 50), it was said, "where a verdict is much above or much below the average, it is fair to infer, unless the case presents extraordinary features, that passion, partiality, prejudice, or some other improper motive has led the jury astray," but in the case at bar our attention is not called to any cases in which the verdict has been "much above or much below" the one under review, where the facts have been analogous. The evidence in this case would warrant the jury in concluding, as it evidently did, that the plaintiff's wife was practically incapacitated for discharging all, or nearly all, wifely duties. The situation presented to the jury, therefore, was that of a man of forty-seven years of age, with his wife about one year older, destined to go through the remaining years of his life with a wife who was not likely to contribute anything of importance to his aid, comfort or society; and we are not prepared, under these circumstances, to say that a verdict for $7,250 was so excessive as to make it plain that the jury was influenced by improper motives.

The objection urged under the second point, that it was improper to admit testimony as to the pain and suffering of plaintiff's wife, is not well taken, in view of what transpired on the trial, where the evidence was received with the declaration of the court that "it is only material as to the extent of her incapacity, so as to have a medical expert state as to the nature and reasonable duration of her

injuries, as pertinent to the question of her alleged incapacity. I do not think it is material in any other phase of the case. It is not a subject for compensation in damages here. I will receive it for that purpose, and you may have an exception." It was clearly necessary to the plaintiff's cause of action that he should show the nature and extent of the injuries sustained by his wife, and evidence which would be material in establishing these facts would be competent; evidence of injuries, without reference to the pains and suffering endured, would fail to present the best evidence of her real condition, and there is nothing to indicate that the testimony of plaintiff's wife went beyond an intelligent narration of the injuries sustained, coupled with the facts necessary to show the permanent and far-reaching character of such injuries.

It is insisted, however, that the evidence of Dr. Johnson as to the conduct of plaintiff's wife while undergoing an examination for the purpose of qualifying the physician to testify in this action, was improperly admitted. Dr. Johnson was not the attending physician, but made an examination of the plaintiff's wife for the purpose of giving testimony. The objections of the defendant, which covered a considerable part of the record, but which are not necessary to be considered in detail, are sufficiently set forth in the following excerpt: Dr. Johnson testified: "I found, on the first examination, that there was tenderness on the whole spinal cord from the neck —— Mr. Scheuerman: I object to that, sir. This examination was made long after the accident — some time afterwards, and not by the attending physician; and it appears to me that in so far as it relates to anything the basis of which must be manifestations on the part of the patient, it is inadmissible and incompetent, being declarations made by the patient in her own interest. The Court: So far he has testified to none but the statement that there was tenderness over the spine. I will take it, subject to your examination as to how he knows. Mr. Scheuerman: May I except to the overruling of that motion to strike out the answer? The Court: I will allow the answer to stand. Mr. Scheuerman: My motion is directed to that portion of the answer with respect to tenderness or manifestations during the examination of the spine, and I except."

The examination then continued, the witness being asked: "How

did you know that there was tenderness? A. When I pressed on the inter-vertebral spaces she would flinch. Her face would be drawn up with an expression of agony; she would make exclamations—— Mr. Scheuerman: I ask that that be stricken out, 'the face was drawn up with expressions of agony and she made exclamations,' on the grounds previously stated."

Defendant's counsel insisted at various points upon the proposition that it was incompetent to show the conduct of the plaintiff's wife while undergoing the examination, and at the close of the evidence moved to have such testimony stricken out, the motion being denied. The defendant now insists that the declarations made to an expert for the purpose of having him testify upon the trial are incompetent, and *Davidson* v. *Cornell* (132 N. Y. 228) gives some color to this contention, but we are of opinion that it does not afford authority in support of the theory that a physician may not tell the jury exactly what occurred in relation to an examination made for the purpose of testifying in the case, in so far as these are confined to the acts and exclamations of the patient, and do not embrace statements made by the patient to the physician. It would be absurd to say that the physician might tell the jury that he " pressed on the inter-vertebral spaces," without telling them what results followed such pressure; and the same is true of the various tests which the physician says he made to determine her condition. In the *Davidson Case* (*supra*) the doctor testified that the plaintiff had told him that he was unable to have sexual intercourse, and upon the review of this case the court say: "It is, therefore, that the weight of judicial authority is to the effect that the statements expressive of their present condition are permitted to be given as evidence only when made to a physician for the purposes of treatment by him." But the court say further that " In the present case the declarations in question of the plaintiff were not instinctive nor were they made to the physician with a view to médical treatment. They consisted not of exclamation of present pain or suffering, but were the plaintiff's statements so far as called for by the doctor of the effect upon him of the injury and the consequences which had followed in such respects," etc. The same court (Second Division of the Court of Appeals) had declared in *Kennedy* v. *Rochester City & Brighton R. R. Co.*

(130 N. Y. 654) that " evidence of exclamations which are natural concomitants and manifestations of pain and suffering are still admissible, because regarded as involuntary and natural expressions which a witness may describe for the same reason that he may the appearance of the party." The *Davidson Case* (*supra*) did not in any manner modify this statement of the court, but rather recognized it as the law of this State. The evidence of the doctor was confined to his observations of the patient and of her conduct while undergoing the examination, which was conducted with the patient blindfolded, and was properly admitted for the purpose of showing to the jury the extent of her injuries, not as a basis of damages, but as establishing to what extent the plaintiff had been and was likely to be deprived of the aid, comfort and society of his wife. There was no effort to show the conversation between the plaintiff's wife and the doctor at the time of her examination; no effort to show that she told him of any of her past sufferings, but simply a description of the tests made and the results which followed in the way of involuntary manifestations of pain, or the absence of sensation, as in the instance of his using a lighted match near sensitive portions of the patient's body without producing any evidence of pain.

We have examined the remaining points, but they do not discover to us reversible error. The case seems to have been fairly tried, the evidence supports the verdict, and the judgment should not be disturbed.

The judgment and order appealed from should be affirmed, with costs.

BARTLETT, J., absent.

Judgment and order unanimously affirmed, with costs.