### McVEIGH v. GENTRY.

(Supreme Court, Appellate Division, Second Department. May 29, 1902.)

1. MUNICIPAL COURT—JURISDICTION—INJURY TO WIFE.
   Under Greater New York Charter, § 1364, subd. 2, providing that the municipal court has jurisdiction of an action to recover damages "for a personal injury, excepting * * * criminal conversation, seduction or loss of society of a husband or wife," the court has jurisdiction of an action by a husband against a druggist for selling carbolic acid, instead of a liniment, whereby plaintiff's wife was injured and incapacitated to perform duties as a housewife.

2. NEGLIGENCE OF DRUGGIST—TRIAL—EVIDENCE—INTOXICATION.
   Where, in an action by a husband to recover damages from a druggist for selling carbolic acid, instead of a liniment, whereby plaintiff's wife was injured, the only direct testimony of the occurrence is that of plaintiff and his wife, it was error to exclude, as immaterial, questions whether she was not so under the influence of liquor as not to know what she was doing.

Appeal from trial term.

Action by John McVeigh against Claude V. Gentry. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

George C. Case, for appellant.
Theodore H. Lord, for respondent.

JENKS, J. The plaintiff complains that the defendant, a druggist, sold and delivered to him carbolic acid for chloroform liniment, and that his wife's body was burned by it. He sues for damages for his expenses due to medical aid and nursing, and to the woman's incapacity to perform duties as a housewife. At trial, the learned counsel for the defendant raised the question of jurisdiction upon the exception contained in subdivision 2 of section 1364 of the Greater New York charter. This section reads:

"Except as provided in the next section, the said municipal court has jurisdiction in the following civil actions and proceedings, including an action against the city of New York or a domestic corporation or a foreign corporation having an office in the city of New York: * * * (2) An action to recover damages for a personal injury or an injury to property, excepting, however, actions to recover damages for an assault, battery, malicious prosecution, false imprisonment, libel, slander, criminal conversation, seduction or loss of society of a husband or wife, where the sum claimed does not exceed five hundred dollars."

I am of opinion that the expression "loss of society of a husband or wife" applies only to actions founded upon an intentional injury to the consortium, and not upon an unintentional act, as of negligence, which may result in the loss of services or society. I see no good reason why the court should have jurisdiction of actions based upon negligence, and yet be excluded from such an action because loss of services or of society constitutes an element of damage resulting from the negligence. An application of the principle of noscitur a sociis to the antecedent words, "criminal conversation, seduction," would also lead to this conclusion. The plaintiff does not complain of a "loss of society," but that the accident prevented or will prevent his wife from performing her customary duties as a housewife. He does not refer to marital duties, inasmuch as he alleges that since the accident she has lived and cohabited with him. Even if the allegation were susceptible of such a construction, there is authority for recovery based upon such a loss as that of society. Jones v. Railroad Co., 40 Hun, 349. In this case Follett, J., said:

"We have been unable to find an exact or an appropriate definition of the 'loss of society.' Damages for this cause have been more frequently assessed in cases arising from intentional injuries to marital rights. * * *"

"Loss of services" is a basis for an action in negligence (Filer v. Railroad Co., 49 N. Y. 47, 56, 11 Am. Rep. 327; Zingrebe v. Railway Co., 56 App. Div. 555, 67 N. Y. Supp. 554; Butler v. Railroad Co., 143 N. Y. 417, 37 N. E. 826); and this case is supported by the familiar doctrine of Thomas v. Winchester, 6 N. Y. 397, 57 Am. Dec. 455.

I think, however, that the learned court erred in rulings upon the evidence. The only direct testimony as to the occurrence was given by the plaintiff and his wife. She was asked upon cross-examination whether she had taken any liquor that day, or whether she had been taking stimulants on the evening of the occurrence, or whether she was not under the influence of liquor when her husband brought in the liniment, or whether she was so under the influence of liquor at the time of the accident, and from that time until the doctor came, as not to know what she was doing. This testimony was excluded as immaterial. I think that the questions went to the credibility of the witness; for, if it had appeared that she was drunk at the time, that might involve, quite plainly, questions of her ability to testify, or of the value to be given to her version. Joyce v. Parkhurst, 150 Mass. 243, 22 N. E. 899; Stillwell v. Farewell, 64 Vt. 286, 24 Atl. 243.

The judgment should be reversed, and a new trial ordered; costs to abide the final award of costs. All concur.