## Ft. Wayne Traction Company *v.* Hardendorf.

[No. 20,409.   Filed December 7, 1904.   Rehearing denied March 17, 1905.]

1.   TRIAL.— *Verdict.— General.— Special.— Presumption.*—A general verdict is the response of the jury to the whole of the evidence, and a special verdict is their response to certain questions of fact; and if a conflict appear, the jury is presumed to have given controlling weight to other facts not found in the special verdict, and every reasonable presumption will be indulged in favor of the general verdict. p. 407.

2. TRIAL.—*Special Interrogatories.*—*Street Railroads.*—*Contributory Negligence.*—Special interrogatories showing that plaintiff was in-jured while riding as a passenger on the inner running-board of a street car by coming in contact with another car on the switch do not overthrow a general verdict for plaintiff, though plaintiff knew that a bar placed along such inner side of the car was to warn passengers not to alight from that side nor to ride on that running-board. p. 407.

3. STREET RAILROADS.—*Passengers.*—*Contributory Negligence.*—It can not ordinarily be held as a matter of law that a passenger riding on the inner running-board of a crowded street car does not exercise ordinary care. p. 409.

4. SAME.—*Guard-Bars.*—*Notice.*—The presence of guard-bars on the inner side of an open street car does not necessarily impart notice to a passenger that riding on the inner running-board is prohibited and that agents have no authority to permit same. p. 411.

5. SAME.—*Passenger.*—*Contributory Negligence.*—*Question for Jury.*—Whether a passenger riding on the inner running-board of a street car is guilty of contributory negligence under all the circumstances, is generally one of fact for the jury. p. 411.

6. SAME.—*Conductor.*—*Passenger.*—*Negligence.*—Where a passenger rides on a street car conformably to the directions of the conductor, the question whether he is guilty of contributory negligence is for the jury. p. 411.

7. NEW TRIAL.—*Street Railways.*—*Negligence.*—*Evidence.*—Where the evidence shows that plaintiff was a passenger on a street railway ; that he was riding, under the direction and with the knowledge and consent of the conductor, on the inner running-board of the car; that a bar was placed along that side of the car which plaintiff knew was to warn people not to alight from the car nor to stand on such running-board ; that the conductor told plaintiff to stand on such running-board ; that others were standing thereon ; that while attempting to pass a car going in the opposite direction the plaintiff was injured, a verdict for the plaintiff is sustained by the evidence. p. 412.

8. TRIAL.—*Instructions.*—*Violation of Rules of Company.*—An instruction that if plaintiff rode on the inner running-board of a street car in violation of the rules of the company, and that he knowingly ignored the presence of a guard-bar, and in consequence thereof was injured, he can not recover, is properly refused, since it failed to inform the jury that plaintiff would not be bound by such rules unless he had notice thereof. p. 412.

9. STREET RAILROADS.—*Conductors.*—*Powers.*—A street railway conductor has all powers expressly conferred by the company, such as are necessary in the discharge of his duties and such as he customarily exercises with the knowledge and approval, express or im-

plied, of the company; and, whether he is authorized to permit a passenger to ride on the running-board of a car is a question for the jury.   p. 412.

From Wells Circuit Court; *Edwin C. Vaughn,* Judge.

Action by Theodore Hardendorf against the Ft. Wayne Traction Company.   From a judgment on a verdict for plaintiff for $1,600, defendant appeals.   Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590.   *Affirmed.*

*Barrett & Morris,* for appellant.
*Samuel M. Hench,* for appellee.

Dowling, C. J.—Hardendorf, who was the plaintiff below, sued the Ft. Wayne Traction Company for a personal injury alleged to have been sustained by him while a passenger on one of appellant's cars.   The complaint was in two paragraphs, the negligence charged in the first being that the appellant wrongfully permitted the car on which the appellee was a passenger to run into and against another car before it had cleared a switch; and the second paragraph alleging that the appellant negligently ran two cars against each other, whereby appellee, who was a passenger on one of them, was injured.   The answer denied all the averments of the complaint.   The cause was tried by a jury, who returned a general verdict in favor of the appellee.   Answers to numerous questions of fact submitted to the jury accompanied their verdict.   Motions for judgment on the special answers and for a new trial were overruled, and judgment was entered upon the verdict.   These rulings are assigned for error.

The following is a summary of the facts stated in the special answers.   The plaintiff was injured May 30, 1900, while riding on one of defendant's open cars, going eastward from Linwood cemetery to the city of Ft. Wayne, Indiana. Before it started, the defendant caused a wooden guard-bar, three inches wide and one and one-half inches thick, extend-

ing past all the seats, elevated two feet above the floor, and securely fastened in its position, to be placed on the left side of the car, three feet above the running-board on that side, which also extended the whole length of the car. The bar was so placed, as the plaintiff knew, to warn passengers not to enter or leave the car on its left side, and not to stand on the running-board. When the car started from the cemetery toward Ft. Wayne, the plaintiff made no attempt to get on the car on its south side, but stood on the running-board, against said bar, and remained in that place until the car passed into the south side of defendant's switch, west of the St. Mary's river bridge. At that time another of defendant's passenger-cars was on the north side of the switch, to be moved westward, and the plaintiff was then on the running-board between the two cars; and, at the point where they met or attempted to pass each other, the space between the tracks was too narrow to permit the plaintiff to stand safely on the running-board. The plaintiff received the injuries complained of at the time the two cars passed each other on the switch, by being struck, while on the left running-board, by the side of the car on the north track of the switch. The plaintiff was not acquainted with the lines and tracks of defendant's railway at the place of the accident.

Counsel for appellant argue that the special answers of the jury show contributory negligence on the part of the plaintiff, and that his injury was caused by his want of ordinary care, in occupying a place of obvious danger, in disregard of the warning and prohibition implied by the presence of the guard-bar. They further contend that, even if the plaintiff was on the running-board with the permission or by the direction of the conductor of the car, the appellant is not liable, because the conductor had no authority to permit or license a violation of the rules of the company, or a disregard of known precautions adopted by the appellant for the safety of passengers and for its own protection. They cite *Bass* v. *Reitdorf* (1900), 25 Ind. App. 650; *Toledo,*

*etc., R. Co.* v. *Goddard* (1865), 25 Ind. 185; *Evansville, etc., R. Co.* v. *Duncan* (1867), 28 Ind. 441, 92 Am. Dec. 322; *Nave* v. *Flack* (1883), 90 Ind. 205, 46 Am. Rep. 205; *Baltimore, etc., R. Co.* v. *Jones* (1877), 95 U. S. 506, 24 L. Ed. 506; *Louisville, etc., R. Co.* v. *Eves* (1891), 1 Ind. App. 224; *Trout* v. *City of Elkhart* (1895), 12 Ind. App. 343; *Smith* v. *Wabash R. Co.* (1895), 141 Ind. 92; *Aurelius* v. *Lake Erie, etc., R. Co.* (1898), 19 Ind. App. 584; *Nieboer* v. *Detroit Electric Railway* (1901), 128 Mich. 486, 87 N. W. 626.

1. A general verdict is the response of the jury to the whole of the evidence in the cause. The particular facts found in answer to interrogatories in most cases constitute a part only of the facts proved on which the general verdict rests. The special finding shows that the facts stated, as the jury believed, were proven upon the trial, and that they probably were considered by the jury; but the general verdict, taken in connection with the special answers, indicates that because of other facts, and from presumptions or inferences from them, the particular facts found were not of controlling influence in determining the nature of the verdict. The special finding of facts controls the general verdict only when inconsistent with it (§556 Burns 1901, §547 R. S. 1881); and every reasonable presumption will be indulged in support of the general verdict. *Ridgeway* v. *Dearinger* (1873), 42 Ind. 157.

2. There is no difficulty in this case, and the answers to the interrogatories are easily reconciled with the verdict. The position of the plaintiff on the running-board may not have been necessarily dangerous or improper, or he may have taken it with the permission or by the direction of some agent of the company who was authorized to assign him a place on the car, or there may have been other circumstances which made it necessary or proper for him to stand there. Nothing in the answers to the interrogatories was inconsistent with the fact that, by reason of special precautions

in the running of the cars on that occasion, their reduced rate of speed, and special instructions to motormen and conductors for their guidance when meeting or passing other cars, a place on the running-board may have been rendered as safe and as suitable for a male passenger as a seat within the car. Hence, although the plaintiff may have known that the guard-bar was put up to warn passengers not to enter or leave the car on its left side and not to stand on the running-board, yet the circumstances may have been such as to justify a person of ordinary prudence and care for his own safety in standing on the running-board, and, in following the directions of an agent of the company charged with the duty of placing the passengers, in taking a position there. *Citizens St. R. Co.* v. *Jolly* (1903), 161 Ind. 80. The special findings were not irreconcilable with the general verdict, and appellant's motion for judgment upon them was properly overruled.

The motion for a new trial rests upon two grounds: (1) That the verdict was not sustained by sufficient evidence; and (2) error of the court in refusing to give instructions numbered four and six. Upon the motion, counsel for appellant undertake to maintain two propositions: (1) That it appears from the evidence that appellee's injuries were not occasioned by appellant's negligence; and (2) that they were the result of his own contributory fault. Upon this branch of the case the facts proved were as follows: Before the car started from the cemetery, which was about one and three-fourths miles from the court-house at Ft. Wayne, a substantial guard-bar was securely fastened on the left side of the car, three feet above the running-board, and extending the whole length of the car. The plaintiff knew that it was put up to warn passengers not to enter or leave the car on that side, and not to stand on the running-board. May 30, 1900, was Memorial Day, and a great number of people—men, women and children—had assembled at Linwood cemetery to hear and to see the exercises. Shortly after 3

o'clock the plaintiff with his son, a child seven years old, went to the appellant's car to take passage back to Ft. Wayne. The car was crowded, and the plaintiff stepped upon the running-board on the left side of the car. The agent of the company, one of whose duties it was to superintend the loading of the cars, to place, and remove the guard-bars, and to start the cars, came to the left side of the car, where the plaintiff was standing, and proceeded to put up the guard-bar. The car was standing still, plaintiff's son was on the ground, and plaintiff was trying to get him up on the step. The agent pushed the bar along the side of the car and under plaintiff's arm. He said to plaintiff, "Put the boy inside, and hang on to this guard-rail." The plaintiff did as he was told to do, and, afterward, while on the running-board, paid his fare to the conductor of the car. No objection to his riding on the running-board was made by anyone. Other persons also stood upon the running-board. While the car was passing out of a switch, and was near its point, it came into collision with another of defendant's cars moving in the opposite direction, which had started out of the other track too soon to clear the plaintiff's car. The plaintiff was caught between the two, and was crushed and rolled along their sides until his body dropped out at the rear end of the car on which he stood. His injuries were of a very serious character, and their effect was permanent.

3. It can not be stated as a conclusion of law that a passenger on a crowded street car, who stands upon the running-board and supports himself by the guard-bar, does not exercise such ordinary care as the circumstances require. More especially may the passenger be justified in taking and maintaining such a position when the representative of the company, who is charged with the duty of seating and directing the passengers, expressly authorizes him to stand in that place. The facts that no objection is made by the conductor of the car who collects the fare of the passenger,

and that other persons at the same time are suffered to stand upon the running-board, may also be considered in determining the question whether the plaintiff exercised ordinary care under the circumstances. The nature of the construction of a street railroad, and the manner in which it is operated, may be such as to render the position of passengers on the running-board apparently safe. The presence of a guard-bar, when the persons in charge of the road and engaged in the management of the car direct the passenger to stand on the running-board, outside of the bar, is not to be regarded as a positive and unmistakable indication that the running-board is a place of danger, or that the persons in charge of the car have no authority to permit passengers to stand there while the car is in motion. The perils of such a position are neither so great nor so obvious in all cases as to bar a recovery when the passenger is injured while occupying it. There was no evidence that the knowledge of any rule of the company prohibiting passengers from standing on the running-board was brought home to the plaintiff.

The questions whether the plaintiff exercised ordinary care, and whether the defendant was negligent in running its cars at the switch so close together that they could not clear each other, or pass without coming in collision, were questions of fact, and it was the especial duty of the jury to decide them. It is not the province of this court on appeal to review the facts and weigh the evidence, and the possibility that upon such facts another and different opinion might be arrived at furnishes no reason why the practical conclusions of the jury should be set aside, and an opposite view of the effect of the evidence substituted for their verdict. Cooley, Torts (2d ed.), 805; *Cincinnati, etc., R. Co.* v. *Grames* (1893), 136 Ind. 39; *Board, etc., v. Bonebrake* (1896), 146 Ind. 311; *Railroad Co.* v. *Stout* (1874), 17 Wall. 657, 21 L. Ed. 745; *Ohio, etc., R. Co.* v. *Collarn* (1881), 73 Ind. 261, 38 Am. Rep. 134; *Indiana Pipe Line,*

*etc., Co.* v. *Neusbaum* (1899), 21 Ind. App. 361; *Louisville, etc., R. Co.* v. *Williams* (1898), 20 Ind. App. 576; *Citizens St. R. Co.* v. *Hoffbauer* (1900), 23 Ind. App. 614. It is to be observed in the present case that there was no evidence of any rule of the appellant forbidding passengers to stand on the running-board; that it was not proved as a fact that such a position was a dangerous one; and that it did appear that the car was crowded, and that other passengers were on the running-board. These facts distinguish this case from several of those cited by counsel for appellant.

4. We are also of the opinion that the guard-bar did not necessarily impart notice to the passengers that standing on the running-board was not allowed, and that the agents of the company had not authority to permit it.

5. An examination of the authorities discloses wide differences of opinion among the courts upon the effect of evidence that the passenger, when injured, was upon the running-board of a street car. The more reasonable view seems to us to be that the question is generally one of fact, depending upon the circumstances of the particular case. *Kentucky, etc., Bridge Co.* v. *Quinkert* (1891), 2 Ind. App. 244; *Willis* v. *Long Island R. Co.* (1866), 34 N. Y. 670; *Morris* v. *Eighth Ave. R. Co.* (1893), 68 Hun 39, 22 N. Y. Supp. 666; *Lake Shore, etc., R. Co.* v. *Brown* (1887), 123 Ill. 162, 14 N. E. 197, 5 Am. St. 510; *Jacobus* v. *St. Paul, etc., R. Co.* (1873), 20 Minn. 125, 18 Am. Rep. 360; *Bruno* v. *Brooklyn City R. Co.* (1893), 5 Misc. (N. Y.) 327, 25 N. Y. Supp. 507; *Werle* v. *Long Island R. Co.* (1885), 98 N. Y. 650, 21 Am. and Eng. R. R. Cas. 429; *Chicago, etc., R. Co.* v. *Fisher* (1892), 141 Ill. 614, 31 N. E. 406; *Woods* v. *Southern Pac. Co.* (1893), 9 Utah 146, 33 Pac. 628; *Cleveland, etc., R. Co.* v. *Manson* (1876), 30 Ohio St. 451; *Louisville, etc., R. Co.* v. *Kelly* (1883), 92 Ind. 371, 47 Am. Rep. 149.

6. In 5 Am. and Eng. Ency. Law (2d ed.), 682, the general rule is stated to be that where the passenger acts

under the direction of the conductor, or other servant of the carrier having apparent authority in that behalf, he is not guilty of contributory negligence, on the ground that the carrier's agent and servant is presumably familiar with the operation of the cars, and has reasonable knowledge of what is required for the safety and protection of passengers. As a qualification of the rule, it is also said that, even in the case stated, the question ordinarily is one for the jury, to be determined from all the circumstances. *Hannibal, etc., R. Co.* v. *Martin* (1884), 111 Ill. 219; *Lent* v. *New York, etc., R. Co.* (1890), 120 N. Y. 467, 24 N. E. 653; *Davis* v. *Louisville, etc., R. Co.* (1891), 69 Miss. 136, 10 South. 450.

7.   Our conclusion on this branch of the case is that the verdict was sustained by sufficient evidence. In *Bass* v. *Reitdorf* (1900), 25 Ind. App. 650—cited by counsel for appellant as much in point—printed notices in conspicuous places warned all persons using the swimming pool against passing beyond the ropes which marked the places of danger, and it was shown that the injured person was able to read them.

8.   Instructions numbered four and six were to the effect that if appellee's injuries were due to his violation of the rules of the company, and that if a guard-bar was placed on the car so that passengers were warned not to stand on the running-board, and appellee, with knowledge of that, ignored the presence of the guard-bar, and by reason thereof was injured, he could not recover, even if the conductor permitted him to stand on the running-board, because such consent would be beyond the authority of the conductor. The first of these instructions wholly omitted to inform the jury that notice of the existence of the rules must be shown before the plaintiff could be bound by them, and for this reason, if for no other, it was objectionable.

9.   The sixth instruction declared, as a rule of law, that it was beyond the authority of the conductor to permit a passenger to stand on the running-board. This was not a

correct statement of the law.  The power and authority of the conductor were such as were expressly conferred upon him by the company, such as were necessary to the discharge of his duties, and such as he was accustomed to exercise with the knowledge and approval, express or implied, of the corporation.  Whether he had authority to permit passengers to stand on the running-board was a fact to be determined by the jury.  Besides, the substance of both these instructions, so far as they stated the law correctly, was given elsewhere in the charge of the court.

There is no error in the record.  Judgment affirmed.